**STATE of Missouri, Respondent,**

v.

**Hubert MORRIS, Appellant.**

**No. 56808.**

Supreme Court of Missouri, Division No. 2.

Feb. 22, 1972.

————◆————

John C. Danforth, Atty. Gen., Peter H. Ruger, Asst. Atty. Gen., Jefferson City, for respondent.

G. Carroll Stribling, Jr., St. Louis, for appellant.

STOCKARD, Commissioner.

Hubert Morris, charged under the habitual criminal act with operating an automobile without the owner's permission, was found guilty by a jury, and the court imposed a sentence of imprisonment for a term of five years. Upon appeal to this court all contentions of error were held to be without merit, except that the record did not show that the trial court had complied with the provisions of § 556.280, RSMo 1969, V.A.M.S., in that no hearing was held outside the presence of the jury on the issue of the existence of the prior convictions charged in the information, and no findings were made by the court on that issue. See State v. Morris, Mo., 460 S.W.2d 624, 629. For that reason the judgment and sentence were reversed and the cause remanded with directions that a hearing be held pursuant to § 556.280, and that further proceedings be held according to the result of that hearing.

At the subsequently held hearing, the deputy clerk of the Circuit Court of the City of St. Louis read into evidence the official court records showing that on June 13, 1961, Hubert Monroe Morris entered pleas of guilty to three felonies and was sentenced to imprisonment for a term of seven years for each offense, the sentences to run concurrently. The State also introduced in evidence certified copies of records from the Missouri Department of Corrections showing that Hubert Monroe Morris was received by that department on July 10, 1961, and that he was discharged by commutation of sentence on October 1, 1965.

At the conclusion of the State's evidence the court addressed appellant and said: "Are you Hubert Monroe Morris?" to which without objection or protest appellant answered, "Yes sir."

The trial court then made findings that appellant had been previously convicted of the three felonies alleged in the information, and that he had been imprisoned therefor. Allocution was held and sentence imposed for a term of five years, but with credit for jailtime and the time spent in prison pursuant to the previous sentence. After entry of judgment in accordance with the sentence, appellant has appealed.

Appellant first contends that the trial court erred in finding that he had been previously convicted of the three felonies described in the information because the State did not prove "that the Hubert Monroe Morris referred to in previous convictions put in evidence * * * was this defendant."

■ Appellant argues that he was charged in this case as Hubert Morris, and that there was no evidence that Hubert Monroe Morris was Hubert Morris. We do not agree. The oral in-court admission of appellant in response to the question by the court established that fact. However, other than that admission, the records of the Department of Corrections contained a physical description of Hubert Monroe Morris, and appellant was before the court so that his characteristics could be compared with those shown on the record. In ad-

dition, "a middle name has little, if any, legal significance," State v. Witt, Mo., 371 S.W.2d 215, and the identity of the first and last names, without anything to the contrary, authorized a finding by the court that appellant was the person previously convicted. State v. Sheets, Mo., 468 S.W. 2d 640; State v. Brinkley, 354 Mo. 337, 189 S.W.2d 314.

Appellant next contends that "there is no sanction, either constitutional or statutory, for a trial court's imposing punishment in a case after the State has failed in its burden of proving the habitual criminal statute prior to submission to the jury." He relies on State v. Young, Mo., 366 S.W. 2d 386, wherein a somewhat comparable situation a new trial was ordered instead of pursuing the procedure employed in this case. In State v. Hill, Mo., 371 S.W.2d 278, the Young case was considered, and the procedure followed in this case was approved. We adhere to the reasoning and result of the Hill case. Where there has been no other error in the trial of the case, as was true in this case, the defendant is not prejudiced by the procedure here followed. If the State cannot prove the prior conviction necessary to invoke the habitual criminal act, the jury will determine the punishment on retrial. If the case had been remanded for a new trial, and the State proved the required prior conviction, the court would then have imposed the punishment. The result would be precisely the same as has occurred in this case. In the absence of prejudice, appellant is in no position to complain.

The judgment is affirmed.

HOUSER, C., concurs.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.