**STATE of Missouri, Respondent,**

v.

**Larry R. ABERNATHY, Appellant.**

**No. 26764.**

Missouri Court of Appeals,
Kansas City District.

Nov. 4, 1974.

Willard B. Bunch, Public Defender, Paul R. Katz, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Ellen S. Roper, Asst. Atty. Gen., Jefferson City, for respondent.

Before PRITCHARD, P. J., and SWOFFORD, SOMERVILLE and TUR-NAGE, JJ.

SWOFFORD, Judge.

The appellant (hereinafter referred to as defendant) was originally charged, by information, with Robbery, First Degree. On the day of trial, without objection, the state filed an amended information under the Second Offenders Act, Section 556.280 RSMo 1969, V.A.M.S.

The felony here charged was that on October 2, 1972, the defendant entered a Seven-Eleven store, pointed a revolver at the man in charge, demanded money from the cash register, jewelry from a locked jewelry case, and the manager's personal funds, and made off with cash and jewelry worth $197.49. The defendant was positively identified as the one who perpetrated the robbery. The jury returned a verdict of guilty and the court imposed a sentence of eight years, from which sentence this appeal is taken. The defendant raises no point as to the sufficiency of the evidence, so further discussion of the facts involved is unnecessary.

The amended information charges that this defendant was convicted of Burglary, Second Degree, and on March 30, 1967, was sentenced to two (2) years in the Missouri Department of Corrections and was confined under such sentence from April 6, 1967 until November 28, 1967, at which time he was released on commutation of sentence.

The defendant raises only one point relating to claimed reversible error, which he divides into two sections. He *first* asserts that the court below erred in failing to find that the defendant had a prior conviction, bringing his case within the Second Offenders Act, prior to submission of the case to the jury. *Secondly,* he asserts that the court erred in making a finding at the hearing on the motion for a new trial, that the defendant was subject to the Second Offenders Act, without proof that he had a prior conviction punishable by imprisonment in the Missouri Department of Corrections, and that the jury might have imposed a lesser punishment than did the court. Both of these points must be ruled against the defendant and the judgment must be affirmed.

The law is well-settled that in order to bring the Second Offenders Act into operation in the trial of a subsequent felony, the state is not only required to set forth the prior felony in the indictment but also to establish: 1) that the defendant was convicted of the prior offense which was punishable by imprisonment in the penitentiary; 2) that the defendant was sentenced therefor; and 3) that he was subsequently placed on probation, paroled, fined or imprisoned therefor. Of course, inherent in each of these elements is the identity of the defendant as the same person involved in the prior offense. State of Missouri v. Hill, 371 S.W.2d 278, 282–283 [9] (Mo.1963).

Further, it is now the law in the state that if the above elements are proved in the record, it is not necessary that the court's findings "specifically detail" that each element has, in fact, been proved, or that the defendant is denied rights to which he is entitled if the findings of the trial court do not do so. All that is now required is that the court's finding recite a previous felony conviction and that the Second Offenders Act is applicable. State of Missouri v. Blackwell, 459 S.W.2d 268, 272 [3] (Mo. banc 1970).[1]

---

1. So far as this principle is adopted, the State v. Blackwell decision overrules the prior decisions in State v. Garrett, 416 S.W.2d 116 (Mo.1967) ; State v. Holmes, 434 S.W.2d 555 (Mo.1968) ; and State v. Dixon, 434 S.W.2d 564 (Mo.1968), to the extent that such are inconsistent. *Caveat.* In *Blackwell,* the court said, at 1. c. 272: "It is desirable that the court in its findings detail each of these required findings, as that will serve to insure that the required evidence has been offered * * * *".

Neither is it fatal to the verdict and judgment of conviction that the finding of the applicability of the Second Offenders Act is made by the trial court after verdict. State v. Parker, 458 S.W.2d 241 (Mo.1970); State v. Tettamble, 450 S.W.2d 191 (Mo.1970); State v. Morris, 477 S.W.2d 40 (Mo.1972).

The record before us discloses that during the presentation of the state's case and with the defendant and his counsel and the prosecutor present in the court's chambers, Mr. Stigall, the prosecutor, announced to the court that he and Mr. Simon, defense counsel, had stipulated and agreed that the defendant had been convicted of a felony, Burglary, Second Degree and Stealing, in March, 1967, and that he was paroled on November 28, 1967, and that such facts were reflected at Book 209, Page 459, of the court's records. The defendant was then interrogated by his counsel on Voir Dire Examination, as follows:

"Q. (By Mr. Simon) Mr. Abernathy, you are being charged under an Amended Information charging you with the offense of Robbery, First Degree, and this Information is filed under the Habitual Criminal Act. Now the only difference between this prosecution and a normal one not tried under the Habitual Criminal Act or HCA., as we know it, as filed, is that the Judge handles the sentencing and the jury is instructed to return a verdict of guilty or not guilty only. Do you understand that?

A. (By the Defendant) Yes.

Q. Now, in order for the State to proceed under the Habitual Criminal Act the State must establish that you have in fact been convicted previously under that.

A. Yes, sir.

Q. Now, you have in fact been convicted previously in Missouri; is that correct?

A. Yes, sir.

Q. And you are now on probation, is that also correct?

A. Yes, sir.

Q. Are you willing to waive the requirement, then, that the State bring forth the Circuit Clerk and prove up their records of this old conviction?

A. Would you say that again, please?

Q. Well, are you willing to waive the requirement that the State prove this old conviction by competent evidence by bringing up the records in connection with that and merely consent and admit that you are in fact the same person who was previously convicted?

A. Yes, sir, I am the same one.

Q. You are the same one?

A. Yes, sir.

Q. And are you willing to forego the requirements that the State bring up the paperwork which shows that you are the same one?

A. Yes, sir.

Q. And just proceed by agreement here? Is that agreeable with you?

A. Yes, sir.

MR. SIMON: All right. Your Honor, would you care to cover anything?

THE COURT: No, I think that is it. You understand that if you do not wish to waive this requirement then the State will have to bring the Clerk of the Court in here, who will bring the book and page and read to me just exactly what it says?

THE DEFENDANT: Yes, sir, I understand.

THE COURT: And you are willing to waive that requirement so that we don't have to get the Clerk in here to do that; is that right?

THE DEFENDANT: Yes, sir.

THE COURT: All right."

The defendant did not take the witness stand in his own defense and after the jury returned its verdict of guilty, the following appears:

"THE COURT: * * * The parties stipulated earlier in this trial that the defendant was on March 30, 1967, convicted of the felonious crime of burglary in the second degree and stealing and that he was sentenced on that date to two years, to a term of two years in the Missouri Department of Corrections from the 16th (sic) day of April, 1967, to November 28, 1967, on which date he was paroled. The court finds that this conviction preceded the conviction in the instant case and that therefore it is incumbent upon the Court to sentence this defendant under Section 556.280 of the Revised Statutes of Missouri as amended in 1959. * * *"

At the hearing on defendant's motion for a new trial the motion was overruled, allocution granted and the defendant sentenced by the court to eight years.

During the course of this hearing the following appears:

"THE COURT: * * * In Case Number C–43101, State of Missouri versus Larry Renard Abernathy, Mr. Abernathy, you were tried on a charge of First Degree Robbery, your cause was submitted to a jury under the Habitual Criminal Act and the jury found you guilty. The evidence submitted to the Court showed that you had previously been convicted of a felony and I find at this time that you are a person properly to be sentenced under the Habitual Criminal Act. * * *"

While the formal proof of the prior conviction, authenticated records and the like, were not offered, the facts to establish the three elements of proof necessary to invoke the Second Offenders Act were stipulated by counsel, specifically confirmed by the defendant, and adopted by the court. It was permissible that such procedure be followed. State v. Beckemeyer, 423 S.W.2d 687, 689–690 [4, 5] (Mo.1968), and no objection was made to the court's findings based thereon, above quoted, until the motion for a new trial.

Finally, it is argued, in effect, that there was no showing that defendant had a prior conviction punishable by imprisonment in the Missouri Department of Corrections, and thus there can be no finding that the Second Offenders Act was applicable. There is no basis for this contention. It was stipulated that defendant had been previously convicted of Burglary, Second Degree and Stealing, a felony. A felony by its very definition is an offense punishable by imprisonment in the penitentiary. Section 556.020 RSMo 1969, V.A.M.S. The trial court could properly take judicial notice of this statutory definition. Section 490.080 RSMo 1969, V.A.M.S. Further, it was stipulated that the defendant had, in fact, served time on his prior sentence and was released on parole. This contention of defendant is without merit.

No prejudicial error appearing, the judgment is affirmed.

All concur.