STATE of Missouri, Plaintiff-Respondent,

v.

Robert King BARTZ, Defendant-Appellant.

No. 37669.

Missouri Court of Appeals, St. Louis District, Division One.

Nov. 23, 1976.

Robert C. Babione, Public Defender, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., David L. Baylard, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

DOWD, Judge.

Appellant, Robert Bartz, appeals his conviction by a jury of robbery first degree with a dangerous and deadly weapon. Bartz was sentenced by the court under the Second Offenders Act to twenty years imprisonment.

On April 9, 1975, at 7:15 p.m. appellant and another man entered the "Stop and Fetch" store in the City of St. Louis, and remained in the store for about ten minutes. While at the counter, paying for some potato chips, both men pulled guns on the clerk, Eugene Nachtweih, the clerk of the victimized store and the only eye witness to the robbery. Bartz's accomplice demanded the money in the drawer and instructed Nachtweih to lie on the floor until they were gone. The victim was robbed of $300.00.

Nachtweih was able to identify the appellant as one of the robbers both at a pretrial lineup and in court during trial. He testified the fluorescent lighting in the store was good, the men were both unmasked and although he had never seen either subject previously, he was able to identify the appellant immediately at the lineup and at trial.

At trial Jesse Jones, Bartz's accomplice, testified that he and Danny Hampton, and not Robert Bartz, committed the robbery in question. On cross-examination, Jones stated that he and Bartz were friends and that they had done time together. Danny Hampton took the stand, but refused to testify, pleading the fifth amendment.

On the elevator on the way to trial, Hampton allegedly said to Bartz, "I told you not to bring me here". The appellant requested that the sheriff, who overheard the remark, be allowed to give testimony about this remark, as a statement against penal interest. The court denied the request, finding the testimony to be hearsay.

The appellant's first two points on appeal were not properly preserved, and are therefore not before this court. The appellant's first point that the in court identification should have been suppressed because the pretrial lineup was unduly suggestive was not properly preserved because appellant did not raise objection to the identification until after he undertook extensive cross and recross-examination of the identifying witness. Missouri cases hold that by following this procedure the appellant waived his right to appeal the in court identification. *State v. Brownridge,* 459 S.W.2d 317, 320[9] (Mo.1970); *State v. McFadden,* 530 S.W.2d 440, 444[5, 6] (Mo. App.1975). To preserve an objection to in court identification objection must be made at trial prior to any extensive cross-examination of the identifying witness.

The appellant's second point on appeal, that the trial court erred in failing to give certain non MAI instructions to the jury, was not preserved because the text of the requested instructions were not shown on the record. The text of these instructions are presented to this court for the first time in the appellant's brief. Matters contained in appellant's brief or elsewhere, not incorporated in or made part of the officially approved transcript, may not be considered. *State v. Burrington,* 371 S.W.2d 319[3] (Mo.1963). Records must be before the court by incorporation in the transcript for its information and inspection. This court is limited to evidence on the record. *Kansas City v. Mathis,* 409 S.W.2d 280[14] (Mo.App.1966).

The appellant's third point is that the court erred in applying the Second Offenders Act, § 556.280 RSMo 1969, because the state failed to present sufficient evidence to prove the applicability of the stat-ute. To invoke the provisions of the Second Offenders Act the state must prove: (1) the defendant was convicted of a prior offense which was punishable by imprisonment in the penitentiary; (2) the defendant was sentenced therefor; (3) the defendant was placed on probation, paroled, fined or imprisonment therefor. *State v. Abernathy,* 515 S.W.2d 812, 814[1] (Mo.App.1974). The state need only prove one prior conviction punishable by imprisonment in the penitentiary. *State v. Brown,* 476 S.W.2d 519[5] (Mo.1972). Only convictions where counsel was present at least at sentencing may be used. *State v. Brown, supra* at 523[8].

While the appellant concedes that his conviction and sentencing for burglary in second degree in the St. Louis Circuit Court was proven, he argues that the serial record from the Missouri Department of Corrections, admitted in evidence to prove imprisonment for that offense, was to ambiguous to be conclusive. Appellant claims that the serial record shows two convictions (the conceded one from St. Louis City and another from St. Francois County) but does not show whether any of his time served arose from the St. Louis City conviction, and therefore the possibility exists that all of his time was served on the St. Francois conviction, which was never shown to be counsel conducted.

The serial record shows with sufficient clarity that the appellant was received for confinement on five counts arising from the St. Louis City and the St. Francois County convictions. It is apparent from the serial record that the sentences were to be served concurrently, and therefore, there is no merit to the appellant's contention that all his time shown to be served was based on the St. Francois County conviction alone. The court could reasonably find, based on the serial record, that the time appellant served was at least in part based on the St. Louis City conviction. Since the state only needs to prove one conviction and punishment, the point must be ruled against the appellant.

The appellant's final point is that the court erred in refusing evidence, as inad-

missible hearsay, the testimony of the sheriff about the statement made by Danny Hampton that, "I told you not to bring me here to testify". Appellant claims this statement constituted a declaration against the penal interest of Danny Hampton and was therefore admissible.

To be a declaration against interest, "the declaration must have related a fact against the apparent pecuniary or proprietary [or penal] interest of the declarant when his statement was made." *Straughan v. Asher,* 372 S.W.2d 489, 494[5] (Mo.App. 1963). The interest of the declarant must be so apparent as to have been presumably in the declarant's mind when the declaration was made. *Neely v. Kansas City Public Service Co.,* 241 Mo.App. 1244, 252 S.W.2d 88, 91[3] (1952). The statement which the appellant wishes to introduce does not meet these requirements. No fact related to the robbery is present. The appellant tries to infer a declaration against interest where the concern on the declarant's mind is not at all apparent. This final point must also be held against the appellant.

Finding no error, the judgment is affirmed.

WEIER, P. J., and CLEMENS, J., concur.