**STATE of Missouri, Respondent,**

v.

**Clifford TENEBRUSO, Appellant.**

**No. KCD 28526.**

Missouri Court of Appeals,
Kansas City District.

Jan. 31, 1977.

James L. McMullin, Kansas City (McMullin, Wilson & Schwarz, Kansas City, of counsel), for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Before SWOFFORD, P. J., PRITCHARD, C. J., and DIXON, J.

PRITCHARD, Chief Judge.

Appellant was convicted by the verdict of a jury for the commission of the offenses of burglary in the second degree and stealing. The court, applying the Second Offender Act, § 556.280, RSMo 1969, sentenced appellant to 8 years for the burglary, and 4 years for the stealing, to be served consecutively in the Department of Corrections.

The sole issue presented here is whether the case should be reversed and remanded for a finding of the applicability of the Second Offender Act, because the court failed to make that finding which (as contended) resulted in the jury not making an assessment of the punishments. Appellant presents the point as plain error resulting in manifest injustice under Rule 27.20(c), because the point was not preserved during trial or in the motion for new trial. It will be considered under the plain error rule because of Rule 28.02 which, in part, requires consideration of the sentence although not raised in the trial court or preserved for review. *State v. Holmes,* 434 S.W.2d 555, 559[6, 7] (Mo.1968).

The amended information, in addition to charging the present offense, alleged that appellant was convicted of the crime of burglary in the 2nd degree on May 13, 1974,

was sentenced to 3 years in the Department of Corrections, and on the same day was placed on probation for a period of 3 years to the Missouri State Board of Probation and Parole.

Shortly before the close of the state's case, it offered " * * * [I]n compliance with the Second Offender Information, which the State has filed in this case, the State offers into evidence State's Exhibit No. 7, which is a certified copy of the Judgment and Sentence and probation of one Clifford A. Tenebruso, which states that on the 13th day of May, 1974, in the County of Jackson, said defendant, Clifford Tenebruso, was convicted of the crime of Burglary in the Second Degree, and that thereafter, on the 13th day of May, 1974, said defendant, Clifford Tenebruso, was sentenced to a term of three years, in the Missouri Department of Corrections, and that thereafter, on the 13th day of May, 1974, said defendant was placed on probation for a period of three years to the Missouri State Board of Probation and Parole. In compliance with Section 556.280 of the Missouri Revised Statutes, the State offers this exhibit into evidence." [The appellant objected to the admission into evidence of the exhibit on the ground that there was no showing that the Clifford Tenebruso in the exhibit was the same man as appellant, a contention which is not here pursued.] "THE COURT: Well, the Court takes judicial notice of the facts, as set out in State's Exhibit 7, as being part of the court record of Jackson County, Missouri. The objection is overruled." The exhibit was then received in evidence.

After appellant was sentenced by the court, his counsel orally moved the court for bond, saying: "MR MCMULLIN: Very good, Your Honor, and would you consider setting a bond in this case, whereby he may be able to make bond? We realize that the bond may not be able to be made, because he has a parole revocation facing him on the one he's on parole on, but we would like to ask for a bond, in the event that, after I contact the other people today, if they don't revoke him, we want to make a bond. THE

COURT: Well, the Court has considered the matter of bond and the background of this defendant and the Court is aware that the defendant was, in fact, on probation for burglary, at the time of the commission of this burglary and, considering all of the circumstances, the appeal bond is set in the sum of $50,000.00."

The matter of appellant's prior conviction was not only alleged in the amended information, so as to apprise him that the second offender act would be applicable, but it was taken up outside the hearing of the jury. The receipt into evidence of State's Exhibit 7 showing the prior conviction is not here challenged. At sentencing by the court counsel stated that appellant was on parole, and the court stated it was aware that appellant had been on probation for burglary at the time of the commission of the instant burglary. The jury was not instructed as to assessing punishment, and by its verdict found guilt only. The entire procedure was accomplished in accordance with the purpose of the second offender act. Under the facts, no prejudice has occurred to appellant, and the lack of a finding by the court can only be a harmless omission. *State v. Blackwell,* 459 S.W.2d 268, 272[3] (Mo. banc 1970) applies. See also *State v. Franklin,* 547 S.W.2d 849 (Mo.App. 1977), handed down concurrently herewith.

In the *Blackwell* case, however, it was noted, "It is desirable that the court in its findings detail each of these required items, as that will serve to insure that the required evidence has been offered * * *." See also *State v. Abernathy,* 515 S.W.2d 812 (Mo.App. 1974). If the finding had been made in this case, it would have eliminated this appeal upon the sole point of lack of finding, and one of the points in the *Franklin* case, supra.

The judgment is affirmed.

All concur.