Don M. BAYSINGER, Appellant,

v.

STATE of Missouri, Respondent.

No. KCD 28951.

Missouri Court of Appeals,
Kansas City District.

May 31, 1977.

Timothy A. McNearney, Independence, for appellant.

John Ashcroft, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and WASSERSTROM and TURNAGE, JJ.

PER CURIAM.

Following an evidentiary hearing, appellant's Rule 27.26 motion to vacate judgments and sentences entered and pronounced on pleas of guilty to second degree burglary and stealing was denied.

After appellant pleaded guilty to the charges, sentencing was deferred awaiting a pre-sentence investigation. Thereafter, appellant was sentenced to five years on each charge, same to run consecutively, and placed on probation. Appellant's Rule 27.26 motion was filed following a probation revocation hearing which resulted in his probation being revoked.

Appellant bottoms his claim for post-conviction relief on a single ground—his pleas of guilty were involuntarily induced by counsel's promise that any sentences imposed would run concurrently. Although appellant testified at the evidentiary hearing held in conjunction with his Rule 27.26 motion that counsel promised and assured him that any sentences would run concurrently, the same was refuted by testimony given under oath by appellant at the time his pleas of guilty were made and accepted, and inferentially, if not directly, by other testimony offered by the state at the evidentiary hearing.

The burden rested upon appellant to prove the single ground relied upon and the scope of appellate review is limited to a determination of whether the findings, conclusions and judgment of the trial court are "clearly erroneous". Rule 27.26(f) and (j); and *Crosswhite v. State*, 426 S.W.2d 67, 70 (Mo.1968). Weighing the evidence and assessing the credibility of witnesses is peculiarly within the province of the trial court. *Shoemake v. State*, 462 S.W.2d 772, 775 (Mo. banc 1971).

Application of the above principles to the record at hand, after taking cognizance of the posture of the evidence, impels

the conclusion that no error of law appears and that the findings, conclusions and judgment of the trial court are not clearly erroneous. An extended opinion in this case would have no precedential value and the judgment is affirmed in accordance with Rule 84.16(b).

Judgment affirmed.

All concur.