Clarence **STARR**, Movant-Appellant,

v.

**STATE of Missouri**, Respondent.

No. 38147.

Missouri Court of Appeals,
St. Louis District,
Division 1.

March 7, 1978.

Motion for Rehearing and/or Transfer to Supreme Court April 10, 1978.

Application to Transfer Denied
May 9, 1978.

**336**

Robert C. Babione, Public Defender, St. Louis, for movant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., Richard L. Poehling, Asst. Circuit Atty., St. Louis, for respondent.

CLEMENS, Presiding Judge.

Movant (hereafter "defendant") has appealed from the trial court's denial of his Rule 27.26 motion without an evidentiary hearing.

Defendant is now serving a life sentence for robbery/murder. His conviction was affirmed in *State v. Starr*, 492 S.W.2d 795 (Mo.1973).

On this appeal defendant first alleges three underlying trial errors: Limiting cross examination of a witness, permitting testimony about bullets not introduced in evidence, and failure to give a cautionary instruction about a conspirator's testimony. Defendant concedes these trial errors, as such, are not cognizable in a post-conviction motion, but that because the trial rulings indicate "conduct of the trial judge prejudiced movant" he was denied a fair trial.

We deny that contention for three reasons: (1) The ground quoted in defendant's brief is patently conclusory, rather than factual as required. *Smith v. State*, 513 S.W.2d 407[1] (Mo.1974). (2) The three underlying grounds were alleged trial errors—the cross examination and evidentiary points were upheld on appeal; no cautionary instruction was offered by defendant. Since the trial court ruled correctly on each point, we deny defendant's present contention that the conduct of the trial judge was prejudicial and denied him a fair trial. Prejudice does not arise from correct rulings. (3) The quoted ground is in itself an alleged trial error, cognizable on direct appeal but not on a Rule 27.26 motion.

For his second point defendant contends he was denied effective assistance of counsel on appeal because of his attorney's failure to present on direct appeal the question of whether movant was deprived of a fair trial by a sleeping juror. We deny this point for separate reasons. First, it lacks a factual basis. As found by the trial court in its memorandum denying defendant's contention about a sleeping juror: "The Court has conducted a minute and exhaustive review of the lengthy certified transcript of the trial proceedings. The Court can find absolutely no support for such allegation contained in the transcript of trial proceedings." Second, the point lies outside the scope of a Rule 27.26 motion which "authorizes a trial court to set aside a judgment of conviction for infirmities arising from trial proceedings only; relief from defects in proceedings before the appellate courts are beyond the scope of the remedy." *Roulette v. State*, 504 S.W.2d 331[1] (1973).

Judgment affirmed.

SMITH and McMILLIAN, JJ., concur.