STATE of Missouri,
Plaintiff-Respondent,

v.

James HAYNES, Defendant-Appellant.

No. 39458.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Oct. 3, 1978.

Robert C. Babione, Public Defender, Joseph Webb, Asst. Public Defender, St. Louis, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Michael Finkelstein, Eric Martin, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., Richard G. Callahan, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

GUNN, Presiding Judge.

Defendant was convicted on two counts of armed robbery. He bases his appeal both on the trial court's refusal to give a non MAI–CR cautionary instruction on identification and on its overruling of an objection going to the relevancy of certain cross-examination of the defendant. We affirm.

Defendant and a companion, Edgar Futrell, held up the Wagner Furniture Company store in south St. Louis. Defendant brandished a shotgun and Futrell a pistol as they ordered the store's owner to empty the safe. They took a wallet containing $400 from one of the store employees then ordered him, 3 co-workers and the store's owner into the basement. Defendant and Futrell made off with several thousand dollars in currency and jewelry, including numerous watches and rings utilized by the store in sales promotions. Defendant was positively identified in police lineups and in

court as one of the two robbers. At trial, defendant took the stand to present the alibi that he was elsewhere at the time of the robbery. During the prosecutor's cross-examination, defendant was asked the following:

"Q. You know the Pearson brothers?
A. Yes, I do.
Q. What are their names, Hosea Pearson?
A. Hosea, Carl, Larry, Dwayne.
Q. That Sunday night, did you go over to meet with Larry and Hosea Pearson?
A. No.
Q. Ever over at their house? One of them is married.
A. I have been over to Larry's house before, yes, I have.
Q. Weren't you over at Larry's house that Sunday night with Edgar Futrell?
A. Over to Larry's house?
Q. Yes.
A. No, I wasn't.
Q. Hosea's House?
A. No.

* * * * * *

Q. Had the Pearson brothers worked for Wagner Furniture Company?
A. Yes, they had.
Q. In fact, was one of them working for Wagner Furniture Company just a week or so prior to this robbery taking place?
A. I couldn't say.
MR. WEBB: [Defendant's counsel] I object to that as irrelevant and immaterial."

The objection was overruled. A limited number of questions were further asked of the defendant concerning whether he had ever been at either of the Pearsons' homes near the time of the robbery. Defendant's answers to the inquiries were in the negative, and no objections were made. However, the trial court on its own initiative halted the prosecutor's interrogation regarding defendant's ownership of a gun.

■ On appeal, defendant contends that a mistrial should have been granted based upon the above quoted interrogation, and alleges the creation of an improper, unsubstantiated inference that he had planned the robbery with the Pearsons. There are a number of reasons for finding no merit to defendant's contentions, but one is sufficient. The trial court is vested with substantial discretion in controlling the extent and scope of the cross-examination. *State v. Roberson,* 548 S.W.2d 280 (Mo.App. 1977). We can find no abuse of discretion in allowing the questions here. First, most of the questions were answered in the negative, eliminating any possible prejudice to defendant. *State v. Butler,* 549 S.W.2d 578 (Mo.App.1977). Further, considering the limited number and scope of the questions asked, it is impossible for us to say that the substance of the interrogation was so plain or obvious that the jury could readily infer the unsubstantiated fact that defendant had plotted the robbery with the Pearsons. The trial court did not abuse its discretion in overruling defendant's objection or failing to take the drastic action of mistrial requested by defendant. *State v. Carlos,* 549 S.W. 330 (Mo. banc 1977); *State v. Key,* 557 S.W.2d 696 (Mo.App.1977).

■ Defendant's second point of alleged error relates to the trial court's refusal to give his submitted non MAI–CR instruction on identification. The trial court did not err by its refusal. *State v. Peterson,* 546 S.W.2d 175 (Mo.App.1976), is precisely on point to the issue in this case. In *Peterson,* an instruction similar to that submitted by defendant was held to be cautionary and its refusal was not an abuse of discretion or error where the court, as here, had already given the proper MAI–CR instructions on the subject, including burden of proof and elements of the offense. In *Peterson,* it was specifically held that MAI–CR 3.20, also submitted in this case, gave sufficient instruction on identification, and defendant's cautionary identification instruction—similar to that offered by defendant here—was needlessly redundant. So, too, for the reasons in *State v. Peterson,* supra, we find no abuse of discretion or error in the trial

court's refusal to submit defendant's cautionary identification instruction.

Judgment affirmed.

KELLY and REINHARD, JJ., concur.