Thomas BALL, Appellant,

v.

STATE of Missouri, Respondent.

No. 39854.

Missouri Court of Appeals,
St. Louis District,
Division Four.

Nov. 7, 1978.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 15, 1978.

Application to Transfer Denied
Jan. 8, 1979.

Robert C. Babione, Public Defender, Charles H. Mostov, Asst. Public Defender, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Philip M. Koppe, Asst. Attys. Gen., Jefferson City, for respondent.

DOWD, Presiding Judge.

Appellant, Thomas Ball, filed a motion pursuant to Rule 27.26 VAMR to vacate the judgment and sentence resulting from his conviction for murder in the first degree. Following an evidentiary hearing, his motion was denied. Appellant's previous attempts at securing relief by direct attack in state court *State v. Ball*, 529 S.W.2d 901 (Mo.App.1975) and collateral attack in federal court [*Ball v. Wyrick*], 547 F.2d 78 (8th Cir. 1977) were unsuccessful.

The sole issue comprising this appeal is the assertion that the State knowingly used perjured testimony at appellant's trial.

Our consideration of this allegation necessitates a brief discussion of the facts adduced at trial. Appellant was charged with murder in the first degree for the killing of Mr. Percy Thomas. The prosecutor introduced the testimony of two witnesses to the murder: the appellant's nine year old daughter, Sabrina, and a Mr. Dismute. Both witnesses testified that appellant shot Thomas. Although appellant defended that he shot Thomas in self defense, both witnesses testified that no altercation of any kind preceded the killing.

At the evidentiary hearing, the appellant designated his daughter as the alleged per-

jurer. On direct examination, Sabrina testified that she had lied at her father's trial because she was afraid of the prosecutor. The alleged lie consisted of her statement that she had seen her father shoot Thomas.

The court below did not consider the testimony offered at the evidentiary hearing to be sufficient to discredit Sabrina's testimony at the trial. We agree.

■ In order to secure relief from the effect of perjured testimony, the defendant must demonstrate that: 1) the testimony in question was deliberately false and known to be false; 2) the testimony was used though the prosecution was aware of its falsity; 3) the conviction was procured as a result of the perjured testimony. *Williams v. State,* 536 S.W.2d 190 (Mo.App.1976).

■ Appellant has not sustained his burden of proof. The record is devoid of any substantiation of the allegation that the prosecution knowingly used perjured testimony. Furthermore, the record lacks independent corroboration of Sabrina's revised version of the facts. Although others witnessed the fatal shooting, only the appellant was called to ratify Sabrina's version at the hearing. Appellant also failed to demonstrate that Sabrina's testimony, standing alone, elicited his conviction. There was other evidence introduced at the trial which established the appellant's guilt.

These facts, taken with the inconsistencies in Sabrina's testimony at the hearing and her admission that she felt partially responsible for her father's incarceration, contributed to the court's finding that her recantation testimony was not credible. In view of the court's opportunity to evaluate the credibility of the witness, we defer to its determination of this issue. *Baysinger v. State,* 552 S.W.2d 359 (Mo.App.1977).

Finding no error in the lower court's judgment, we affirm.

SNYDER, J., and ALDEN A. STOCKARD, Special Judge, concur.