**Richard A. HERRING, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 40655.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 6, 1979.

Gail N. Gaus, Clayton, for movant-appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Robert Presson, Asst. Attys. Gen., Jefferson City, for respondent.

DOWD, Presiding Judge.

Movant appeals the denial of his motion under Rule 27.26 to set aside his pleas of guilty and subsequent convictions.

Movant had pleaded guilty to charges of first degree robbery, burglary second degree, and stealing. He was sentenced to eight years for the robbery with a concurrent eight year sentence on the burglary charge and a concurrent five year sentence on the stealing charge. Approximately eight months after sentencing movant filed a Rule 27.26 motion to vacate the sentence on the ground that his pleas had been entered involuntarily as a consequence of ineffective assistance of counsel. After a hearing, the motion was denied.

The single issue presented by movant on this appeal is whether the knowing and voluntary nature of movant's pleas were rendered involuntary because of alleged ineffectiveness of movant's counsel.

It is not within the province of the appellate court to weigh evidence presented at the evidentiary hearing nor to judge the credibility of the witnesses. These tasks are more properly left to the trial court and this court accepts as true its findings as to these matters. *Baysinger v. State*, 552 S.W.2d 359, 359 (Mo.App.1977). It is this court's duty to overrule the trial court's denial of the motion only if such denial was clearly erroneous. *Keller v. State*, 566 S.W.2d 260, 263 (Mo.App.1978); Rule 27.-26(j).

In his brief, movant alleges that he entered pleas of guilty only because he believed that the maximum sentence he could receive was between four and six years with a good possibility of probation. Movant contends that his counsel, Mr. Turner, led him to this belief without first adequately investigating the case.

At the hearing on the motion, Mr. Turner testified that he reviewed in detail all police reports on the cases against the movant. Mr. Turner stated that after reviewing these reports he came to the conclusion that the State had strong cases against the movant. Mr. Turner also learned the strength of the cases against movant by cross-examining the State's witnesses at the preliminary hearing. The

movant did not provide Mr. Turner with the names of any witnesses who could testify for him other than movant's wife. Movant did not claim in his motion that there were other witnesses available, and counsel is not under a duty to search out witnesses where he has no notice that such witnesses are available. *Morris v. State*, 547 S.W.2d 827, 829 (Mo.App.1977).

■ Mr. Turner advised movant that because the State appeared to have such strong evidence against him and because movant had three prior felony convictions it would be in his best interest to plead guilty. Mr. Turner testified that he had several conversations with movant concerning his proposed pleas during which he informed movant that the prosecuting attorney would recommend an eight year sentence on the pleas. Mr. Turner stated that he told movant that he would attempt to persuade the judge to lighten the sentence. Mr. Turner testified that he did not make any promises to movant and, in fact, admonished him that only the judge could make the final determination of his sentence and that at no time did he promise movant that he would be placed on probation.

Movant's own testimony at the hearing on his motion indicated that he recalled hearing the judge state, when receiving movant's pleas, that the court would do the sentencing and that in doing so it would not be bound by the state's recommendations. Movant also testified that he recalled that the court reviewed the sentence alternatives with him then asked him whether his pleas were entered voluntarily.

The trial court found the evidence sufficient to deny movant's Rule 27.26 motion. The court found that movant's pleas of guilty were made pursuant to the understanding that the judge would pronounce sentence and that such pleas were freely and intelligently given. Based on the record, we do not find this ruling to be erroneous.

The judgment is affirmed.

CRIST and REINHARD, JJ., concur.