**Jack ROSE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 31531.**

Missouri Court of Appeals, Western District.

Feb. 2, 1981.

J. Arnot Hill, Bunch, O'Sullivan, Sandifer & Hill, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Darrell Panethiere, Asst. Atty. Gen., Kansas City, for respondent.

Before PRITCHARD, P. J., and TURNAGE and CLARK, JJ.

TURNAGE, Judge.

Jack Rose appeals the denial of his 27.26 motion. Rose contends his plea of guilty was involuntary because of the failure of his counsel to inform him of police reports. Affirmed.

Rose was charged with armed robbery, but in a plea bargain he pleaded guilty to a charge of stealing from the person with a sentence of three years to run consecutively to a prior sentence.

In this 27.26 motion Rose alleges his trial attorney had in his possession police reports which revealed the State's principal witness against him had identified another person but counsel had failed to show such reports to Rose. On this motion he testified he would not have entered a plea of guilty had he known of the existence of such reports prior to the plea.

Gerald Handley testified that he represented Rose while he was in the public defender's office and negotiated the plea bargain. Handley testified that he showed the police reports to both Rose and his father which revealed the witness had identified another and that he had discussed this defense with Rose. He stated he had in fact subpoenaed the person identified in the report and had fully discussed this defense with Rose. He testified Rose decided to plead guilty with full knowledge of the planned defense.

On this appeal Rose contends the finding of the trial court that Rose had been informed of the police report prior to his plea is against the weight of the evidence.

Rose concedes that after a guilty plea the question of the adequacy of the representation by his counsel is foreclosed unless there was such incompetency that the plea was entered involuntarily and without understanding of the nature of the charge. *Rice v. State*, 585 S.W.2d 488, 493[1–3] (Mo. banc 1979).

The burden rested upon Rose to prove that his plea was not in fact voluntary because his counsel had withheld the information concerning the identification of another witness. His counsel testified this information was fully shared with Rose, and, on the conflict in the evidence, the trial court was entitled to believe trial counsel. *Baysinger v. State*, 552 S.W.2d 359[1] (Mo. App.1977).

The judgment is supported by substantial evidence and is not clearly erroneous and is affirmed.

All concur.