Lloyd KRETZER, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 31916.

Missouri Court of Appeals,
Western District.

Feb. 2, 1981.

William E. Erdrich, St. Joseph, for appellant.

John Ashcroft, Atty. Gen., Mark W. Conley, Asst. Atty. Gen., Jefferson City, for respondent.

Before PRITCHARD, P. J., and TURNAGE and CLARK, JJ.

CLARK, Judge.

Lloyd Kretzer entered guilty pleas on April 6, 1979 to charges of stealing from the person, robbery in the first degree and robbery in the first degree by means of a deadly weapon. He was thereafter duly sentenced and incarcerated. On March 24, 1980, he filed a motion under Rule 27.26 to set aside the judgment and he now appeals the order of the trial court which denied relief.

The general ground advanced by Kretzer in his motion was the claim that his pleas were involuntary because his counsel had been ineffective and the representation inadequate. Testimony at the evidentiary hearing conducted on the motion and the brief filed here leave Kretzer's precise claims ill defined. As best movant's assertions may be deciphered, he complains of a failure to advance a defense of mental disease or defect, an inadequate investigation of the case, particularly as to the "applicable law" and dereliction in not compelling disclosure of the name of a witness for the state.

A factual background extracted from the record of the guilty plea hearing is necessary for evaluation of movant's claims. That hearing was in response to a petition movant had signed and filed seeking disposition of his case on a plea of guilty. The petition and subsequent testimony by movant have consistently asserted that movant has no recollection of the events on the night when the alleged offenses occurred. The record suggests that movant was intoxicated or was under the effect of drugs or both. To overcome this deficiency in a factual basis to support the pleas, testimony was offered from three witnesses, each of whom had been a victim of movant's predations committed at three separate locations. Each victim identified movant as the person who perpetrated the offense.

No issue is presented here concerning the conduct of the guilty plea hearing or the extent of instruction given movant as to the consequences resulting from pleas of guilty and prospective sentences. Movant relies entirely on his inability to assist his attorney by furnishing an account of his actions on the night in question and on this predicates an enhanced duty of his counsel to conduct an investigation in an effort to discover some defense of fact or law. As a passing reference, movant mentions a potential "mental defense" and also complains that his attorney failed to identify and interrogate a witness which counsel for the state had indicated would testify that movant's claimed loss of memory was a sham.

The claim that an attorney has ineffectively served his client by inadequate investigation and preparation for trial must be supported by allegations of specific information which was not discovered, that reasonable investigation would have disclosed the information and that the material so discovered would have benefited the movant in a defense of the charge. *Rice v. State*, 585 S.W.2d 488, 493 (Mo. banc 1979). In the subject case, neither Kretzer's motion nor his proof at the evidentiary hearing identify any information which the attorney did not obtain or any witness not sought out or how his decision to plead guilty would have been affected by such unknown and unidentified material. The contentions, including the complaint that the attorney failed to research "applicable law," amount to nothing more than conjecture and speculation and reveal nothing of substance to warrant a conclusion that any defense might have been discovered. There was no error in denying the motion on these grounds.

■ The claim as to movant's mental condition also suffers from lack of specificity and substance. It may be inferred that movant seeks to advance this point by reliance on his claimed memory lapse, although even this is unclear. In any event, however, the record of the guilty plea hearing includes the observations by the court, in which movant concurred, that before the hearing he had been to the "State Hospital" and their report had disclosed no mental disease or defect. The court was entitled to believe that movant was competent to proceed and, indeed, movant does not suggest otherwise. There is no basis whatever to argue that any defense of diminished mental capacity was available or should have been asserted.

■ Finally, movant contends that the state should have been required to furnish the name of the additional witness. This aspect of the case surfaced during plea bargaining when the prosecuting attorney, apparently upset by movant's professed inability to name another participant in the crimes, suggested that movant did have a recollection of the events and a witness would so testify. The name of that witness was not disclosed.

Again, movant fails to demonstrate how his defense of the case would have been aided by this witness or why his decision to plead guilty would have been affected. The issue of whether or not movant did have a memory of events was collateral and could on trial have at most influenced his credibility had he testified. Evaluation of prospective testimony to be given by the undisclosed witness would, under no tendered theory, have supplied or bolstered any defense and the failure to discover and interview the witness was therefore immaterial to the question of effectiveness of counsel and the voluntariness of movant's plea.

The judgment of the trial court is affirmed.

All concur.