**Zanders J. KELLY, Jr., Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 31490.**

Missouri Court of Appeals,
Western District.

Oct. 6, 1981.

Peter N. Sterling, Acting Public Defender, John Kurtz, Asst. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Darrell Panethiere, Asst. Atty. Gen., Kansas City, for respondent.

Before MANFORD, P. J., and DIXON and NUGENT, JJ.

1. Defendant was prosecuted under the names of Zanders J. Kelly and Zanders J. Kelly, Jr.

NUGENT, Judge.

Zanders J. Kelly, Jr.[1] (hereinafter sometimes referred to as defendant) appeals the order of the trial court denying relief after an evidentiary hearing on his Rule 27.26 motion. He contends that the sentence imposed was fatally defective in that the court's order failed to recite a finding of a previous felony conviction and to recite a finding that under the evidence the Second Offender Act was applicable. He also asserts that he was denied his right to due process of law and to effective assistance of counsel in that a stipulation to the facts supporting the Second Offender Act's application was not made with his intention and knowledge. We affirm the judgment.

Kelly was convicted by a jury of the offense of robbery, first degree, after a prior felony conviction, and was sentenced by the court to a term of twenty years. This court affirmed that conviction. *State v. Kelly*, 506 S.W.2d 61 (Mo.App.1974). The trial court's ruling on the subsequent Rule 27.26 motion included extensive findings of fact and conclusions of law.

Upon review of such proceedings an appellate court is limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous, that is, whether on the entire evidence the reviewing court is left with the definite and firm conviction that a mistake has been committed. *Crosswhite v. State*, 426 S.W.2d 67 (Mo.1968); *Fitzpatrick v. State*, 578 S.W.2d 339 (Mo.App.1979); Rule 27.26(j).

Objection to the first error alleged was not asserted either at the time of defendant's sentencing, on his appeal, or in this Rule 27.26 motion. Ordinarily on appeal from a judgment overruling a Rule 27.26 motion, the court will not consider grounds for relief not raised in the motion. *Schleicher v. State*, 483 S.W.2d 393, 394 (Mo. en banc 1972); *State v. Atkins*, 549 S.W.2d 927, 931 (Mo.App.1977). Kelly cites *State v. Bursby*, 395 S.W.2d 155, 161 (Mo.

This appeal was filed under the name of Zanders X. Kelly, Jr.

1965), however, for the proposition that on a motion to vacate an appellate court may examine judgments for any fatal defects even though the point was not raised in the motion. Indeed the court did so hold in referring to a fatal defect in the judgment itself. There the defects appeared in the sentences in two counts, that is, on the face of the record proper.[2]

Kelly contends that under the holding of *Bursby* the trial court's sentencing order must include express findings of a prior felony conviction and of the applicability of § 556.280, the Second Offender Act. We observe, however, that the two cases defendant cites in support of that contention, *State v. Blackwell*, 459 S.W.2d 268 (Mo. en banc 1970), and *State v. Abernathy*, 515 S.W.2d 812 (Mo.App.1974), do not aid his cause. Construing the requirements of § 556.280, *Blackwell* held at 272 that "if the necessary proof has been made, it does not follow that the statute requires that the court's findings specifically detail that each of these required elements have been proved, or that defendant is denied rights to which he is entitled if the findings do not do so." Such specific recitals are not absolute prerequisites under § 556.280. An order which "recites a finding of a previous felony conviction and that under the evidence the Second Offender Act is applicable ... implies specific findings in accordance with the ultimate finding ...." *Id. State v. Abernathy, supra*, illustrates the *Blackwell* rule applied to a jury case. Accord, *State v. Kent*, 602 S.W.2d 799 (Mo.App. 1980); *State v. Franklin*, 547 S.W.2d 849,

852 (Mo.App.1977). In our search we have found no indication either in these cases or in any others that specific findings of a prior felony conviction and of the applicability of the Second Offender Act must be reiterated in the court's order fixing sentence.

■ In the instant case Kelly's own judicial admissions proved all the constituent elements requisite to application of the Second Offender Act.[3] Thus, the order complained of is not fatally defective despite the fact that the trial court did not make a specific finding on the applicability of the act either in its order fixing sentence or at any point in the proceedings.[4]

Kelly also contends that he was denied due process of law and effective assistance of counsel when a stipulation regarding the elements requisite to invoking the Second Offender Act was entered into without his intention or knowledge. The incident referred to occurred on the second day of trial in the courtroom but out of the presence and hearing of the jury. The record discloses the following:

MR. SPECK: Your Honor, Mr. Purdy has just offered to stipulate to the facts which will prove the Second Offender Act in this case.

THE COURT: Mr. Purdy.

MR. PURDY: Just a minute.

DEFENDANT ZANDERS J. KELLY (Standing before the bench.)

THE COURT: Step right over here.

2. The court observed at 161 that "[t]he sentence on Count 1 (burglary and stealing) does not fix a separate term of imprisonment for each of those offenses as is required by § 560.-110. The sentence on Count 2 is the same. We cannot determine from the sentence whether the term of imprisonment is four years on burglary and none on stealing or four years on stealing and none on burglary, or whether the court intended from these words of its judgment, '* * * Bursby upon his plea of guilty to Count 1 of Information sentenced to the State Department of Corrections, Jefferson City, Mo., for a term of (4) four years', to impose a term of two years for each offense for an aggregate term of four. If the court intended the latter, the two terms would run concurrently unless

the court stated of record at the time of sentencing that they run consecutively."

3. Kelly does not now deny the validity or existence of the prior conviction which brings him within the purview of Section 556.280, and in fact, reiterated his admission of the conviction at the 27.26 hearing.

4. In his argument under point one Kelly correctly notes that the trial court did not make a specific finding on the applicability of the Second Offender Act at any point in the proceedings. The court did, however, make a finding regarding the prior felony conviction at the time evidence of said conviction was presented.

MR. SPECK: Mr. Purdy, the State's evidence would be on the matter of the Second Offender Act in this case that Mr. Zanders Kelly, Jr., plead [sic] guilty to the offense of Assault With Intent To Rob and was sentenced on December 12th, 1967, to a term of seven years in the Missouri Department of Corrections. Further, that he was received on the 20th day of December, 1967, and that he was discharged on commutation of sentence on the 15th day of December—excuse—or September, 1971 (handing documents to counsel for the defendant).

MR. PURDY: Is that correct?

DEFENDANT ZANDERS J. KELLY: Yes.

MR. PURDY: O. K.

THE COURT: The defendant then does so stipulate to those facts?

MR. PURDY: We will stipulate to those facts, Your Honor.

Kelly's claim of involuntariness would warrant closer scrutiny if the above-quoted occurrence constituted a true stipulation. The exchange was in reality, however, more in the nature of an agreement between counsel with respect to business before a court. *Pierson v. Allen*, 409 S.W.2d 127, 130 (Mo.1966). The purpose of a stipulation is to dispense with proof on the stipulated issues. *Furniture Forwarders of St. Louis, Inc. v. Chicago, R. I. & P. R. Co.*, 393 F.2d 537 (8th Cir. 1968). On the other hand, a judicial admission is a "more or less formal act done in the course of judicial proceedings which waives or dispenses with the production of evidence and concedes for the purpose of the litigation that a certain proposition is true, "*Hewitt v. Masters*, 406 S.W.2d 60 (Mo.1966), and is conclusive on the party making it. *Wehrli v. Wabash Railroad Co.*, 315 S.W.2d 765 (Mo.1958). In this case Kelly made a judicial admission of his prior felony conviction, sentence and imprisonment. He thereby waived his right to object to such conviction forming the basis for application of the Second Offender Act. *State v. Newland*, 592 S.W.2d 495, 501 (Mo.App.1979); *State v. Brown*, 543 S.W.2d 56, 59 (Mo.App.1976);

*State v. Bolden*, 525 S.W.2d 625, 634–35 (Mo.App.1975).

Perhaps the better procedure would have been for trial counsel to question appellant on the record as to his understanding that he was waiving the requirement that the state prove up the record of his prior conviction as was done in *State v. Abernathy, supra* at 815–16, but Kelly was clearly not prejudiced by his counsel's failure to do so. He did not deny then and does not now deny the existence of the prior felony conviction. Under these circumstances trial counsel's failure to clarify the waiver must be considered a harmless omission which does not rise to the level of a due process violation. Nor is this omission an instance of ineffective assistance of counsel under the standard announced in *Seales v. State*, 580 S.W.2d 733 (Mo. en banc 1979). There the court held at 736 that to prevail on a claim of ineffective assistance a defendant must show that his attorney failed to exercise the customary skill and diligence that a reasonable, competent attorney would exercise under similar circumstances and that he was prejudiced thereby.

Moreover, even accepting defendant's contention that his counsel entered into a true stipulation, we do not find that the trial court erred in finding the stipulation to have been knowingly and intentionally entered into by Kelly. His trial counsel, Dan Purdy, testified at the Rule 27.26 hearing that he repeatedly explained the functioning of the Second Offender Act to Kelly. He also stated he had explained to Kelly that the act applied whether he testified or not at the time the so-called "stipulation" was entered into. The court's findings, therefore, that Kelly was adequately informed regarding the nature of the Second Offender Act and that he knowingly and voluntarily admitted his prior conviction were not clearly erroneous. The credibility of witnesses is not within the province of the appellate court to judge. Therefore, we defer to the trial court's implied finding that Mr. Purdy's testimony was credible. *Herring v. State*, 590 S.W.2d 409, 410 (Mo.

App.1979); *Baysinger v. State*, 552 S.W.2d 359 (Mo.App.1977).

Accordingly, we affirm the judgment.

All concur.