McKinley ROBINSON, Movant,

v.

STATE of Missouri, Respondent.

No. 45132.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 7, 1982.

Motion for Rehearing and/or Transfer
Denied Oct. 15, 1982.

Application to Transfer Denied
Jan. 17, 1983.

officer on December 31, 1976, in the City of St. Louis. At his first trial, movant was convicted of the assault on the police officer for which he was sentenced to a term of 75 years, but the jury could not reach a verdict on the homicide charge. After the second trial, at which he was represented by a different attorney, he was found guilty of first degree murder and sentenced to life imprisonment, the sentence to run consecutive to the assault sentence. This court affirmed both convictions; the assault conviction in *State v. Robinson,* 591 S.W.2d 18 (Mo.App.1979); the murder conviction in *State v. Robinson,* 593 S.W.2d 227 (Mo.App. 1979).

In his 27.26 motion, movant alleged ineffective assistance of counsel in both trials. He alleged his second attorney was remiss in failing to move to quash the indictment, but his major complaints centered on inadequate investigation by both attorneys and failure to call certain witnesses. The court conducted an evidentiary hearing on July 24, 1981 and November 3, 1981, at which movant and his former attorneys testified. The court filed extensive findings of fact and conclusions of law and found that movant was not denied effective assistance of counsel. We have carefully reviewed the entire record and conclude the court's findings and conclusions are not clearly erroneous. Rule 27.26(j).

In support of his allegation of ineffectiveness of his first counsel, movant testified he gave his attorney the names of two alibi witnesses Robin Smith and Ronald Burton. According to movant's testimony, Robin Smith, his niece, would have testified that when he left her home in East St. Louis he was not armed with a shotgun or handgun and he went to downtown St. Louis looking for a job. Ronald Burton would have testified that movant was with him at the time of the assault on the police officer.

Bradley A. Winters, St. Louis, for movant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Presiding Judge.

Movant appeals from the denial of his Rule 27.26 motion after an evidentiary hearing.

Movant was charged with felony murder and assault with intent to kill with malice aforethought, arising from the killing of Harry Shelton and the wounding of a police

█ Where a movant complains of his attorney's failure to call witnesses, he must allege and show that the witnesses' testimony would have provided a defense. *Charles v. State,* 570 S.W.2d 700, 702 (Mo.App.1978). Robin Smith's testimony would have been

of scant value to movant. It could not have exonerated him nor established his innocence as she was not with him at the time of the assault on the policeman. *Decker v. State,* 623 S.W.2d 563, 565 (Mo.App.1981). Further, her testimony would have been merely cumulative as the jury heard the same testimony from movant and his two witnesses. We cannot indite counsel for ineffective representation on that basis. *Porter v. State,* 596 S.W.2d 480, 482 (Mo. App.1980).

 The first attorney testified that movant did not give him Ronald Burton's name. The trial court apparently believed this testimony and he is the arbiter of the credibility in a 27.26 proceeding to whom we must defer. *Houston v. State,* 623 S.W.2d 565, 567 (Mo.App.1981). If counsel has no notice a witness exists, he is not ineffective if he fails to call that witness to testify. *Herring v. State,* 590 S.W.2d 409, 411 (Mo.App.1979). Neither does the record reveal that a reasonable investigation would have disclosed the existence of the witness. *Kretzer v. State,* 612 S.W.2d 70 (Mo.App.1981).

Movant also alleged that his first trial attorney was ineffective because he failed to meet with the two defense witnesses and failed to interview the state's witnesses before trial. We have reviewed the transcript of the defense witnesses' testimony at trial and, even if movant's allegation is true, we can discern no resulting prejudice to him. We find no merit to his allegation concerning failure to interview the state's witnesses.

Movant testified that he did not give the names of either Ronald Burton or Robin Smith to his second attorney. The second attorney testified similarly. Movant's principal complaint against his second attorney was that he failed to file a motion to quash the indictment. We find such a motion would have been without merit.

Finally, movant alleges that the 27.-26 motion court erred in failing to grant him a continuance so that Ronald Burton and Robin Smith could have been subpoenaed to testify. We rule this point against movant. Their testimony was unnecessary, as the trial court stated that it would "assume for the purposes of this hearing that your witnesses have appeared in court and have testified exactly as you have stated . . ."

Judgment affirmed.

SNYDER and CRIST, JJ., concur.