**James HAYNES, Movant,**

**v.**

**STATE of Missouri, Respondent.**

**No. 45654.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 22, 1983.

Michael L. Henderson, Clayton, Thomas S. Hyatt, Asst. Public Defender, St. Louis, for movant.

John Ashcroft, Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

PUDLOWSKI, Judge.

Movant appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

A jury found movant guilty of two counts of robbery first degree by means of a dangerous and deadly weapon, a shotgun. The trial court sentenced movant on both counts to twenty-two (22) years in prison. The sentences are to run concurrently. The conviction was affirmed on direct appeal and reported at 573 S.W.2d 68 (Mo.App. 1978).

Movant filed this Rule 27.26 motion alleging he was denied effective assistance of counsel and was prejudiced by the trial judge's comments. The hearing judge issued findings of fact and conclusions of law denying movant's Rule 27.26 motion.

As to movant's claims of ineffective assistance of counsel, movant must prove counsel's performance did not conform to the degree of care and skill of a reasonably competent lawyer rendering like services under similar circumstances and that the result was prejudice to the movant. *Seales v. State,* 580 S.W.2d 733 (Mo. banc 1979).

The movant's first allegation under his first point claims that he was denied the effective assistance of trial counsel because counsel stipulated as to movant's prior convictions. Movant concludes that this stipulation led to a stiffer sentence under the Second Offender's Act.

The complained of stipulation was entered into after movant had admitted to the same facts twice on the witness stand. The stipulation was agreed to in the judge's chambers during the instruction conference. The judge specifically noted the admissions when he accepted the stipulation and found movant had been convicted of a prior felony.

In the factually similar case of *Kelly v. State,* 623 S.W.2d 65 (Mo.App.1981), the court noted:

> Perhaps the better procedure would have been for trial counsel to question appellant on the record as to his understanding that he was waiving the requirement that the state prove up the record of his prior conviction ... but Kelly was clearly not prejudiced by his counsel's failure to do so. He did not deny then and does not now deny the existence of the prior felony conviction. Under these circumstances trial counsel's failure to clarify the waiver must be considered a harmless omission which does not rise to the level of a due process violation. Nor is the omission an instance of ineffective assistance of counsel under the standard announced in *Seales v. State,* 580 S.W.2d 733 (Mo. en banc 1979).

*Id.* at 68. The reasoning of the court in *Kelly* is applicable to the case at bar and compels the same conclusion here. The action movant complains of does not constitute ineffective assistance of counsel.

Movant's second claim of ineffective assistance of counsel is that his trial counsel failed to inform him of the possibility of impeachment by his prior conviction if he took the stand. The hearing judge, in denying the Rule 27.26 motion, found trial counsel advised movant of the consequences of taking the witness stand with a prior conviction. The court's judgment is supported by substantial evidence, is not against the weight of the evidence and no error of law appears. *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976).

We do not consider movant's third contention that his attorney rendered ineffective assistance by failing to inform him that the prior conviction could be used to increase his sentence. This issue was not raised in movant's Rule 27.26 motion and may not be raised for the first time on this appeal. *Lane v. State,* 611 S.W.2d 44, 46 (Mo.App.1981), *Oatsvall v. State,* 643 S.W.2d 634, 638 (Mo.App.1982).

In his second point relied on, movant contends "he was denied a fair and impartial trial in that the trial judge was biased and prejudiced against movant."

We deny movant's contention for two reasons. Movant's point relied on is patently conclusory, and simply fails to comply with Rule 84.04(d). Secondly, the point relied on is in itself an alleged trial error, cognizable on direct appeal but not within the scope of a Rule 27.26 motion. *Starr v. State,* 564 S.W.2d 335, 336 (Mo.App.1978).

In the body of movant's argument, he asserts the "wherein and why" he believes he was denied a fair and impartial trial and was therefore prejudiced. We are not required to search the argument portion of the movant's brief for the "wherein and why." Rule 84.04(d). Ex gratia we review movant's contentions and note that movant cites a statement made by Judge Cahill while in chambers with both attorneys present when they were discussing the proposed instructions prior to final argument as prejudicial. The statement was made in context of a concern to avoid any error by the trial judge of a possible trial error by

the state. Judge Cahill said, "I am trying to do everything to get us a conviction that will stand. My own personal feeling is the man is guilty, and I would hope that a conviction that we get here would be one that would stand." The movant then in support of his contention of prejudice cites two cases both of which are distinguishable in that the judicial statements made in those cases were stated within the hearing of the jury and were found to be prejudicial. Those cases are not helpful to the movant. We find this point without merit.

Further, we note that the judge's remark was made in chambers outside the hearing of the jury. A trial judge's remarks outside of the presence of the jury cannot prejudice the jury, and thus, cannot result in the denial of a fair trial. *State v. Sykes,* 628 S.W.2d 653, 656 (Mo.1982). Also, the movant complains that the judge's remarks indicated prejudice, not so. The movant was found guilty by a jury of two Class A felonies. The range of punishment of a Class A felony is ten years and not to exceed thirty years or life imprisonment. 558.011 RSMo. (1978). The judge sentenced movant to 22 years on each felony conviction and ordered them to run concurrently. The judgment was well within the range of punishment and it certainly did not exhibit any prejudice by the judge, especially in the context in which it was expressed.

As previously stated, this point as alleged is cognizable on direct appeal but not in a Rule 27.26 motion. *Starr,* 564 S.W.2d at 336. Since this court previously ruled on movant's direct appeal, (573 S.W.2d 68), movant's point is untimely and without merit.

Judgment affirmed.

CRIST, P.J., and SIMON, J., concur.