**STATE of Missouri, Respondent,**

v.

**Roosevelt JOHNSON, Appellant.**

**No. 47636.**

Missouri Court of Appeals,
Eastern District,
Division Five.

July 24, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 18, 1984.

Application to Transfer Denied
Oct. 9, 1984.

Debra Buie Arnold, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Mark S. Siedlik, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Judge.

Appellant Roosevelt "Willie" Johnson was found guilty by a jury and was convicted of robbery in the first degree in violation of § 569.020 RSMo 1978. He was sentenced as a persistent offender to seventeen years' imprisonment pursuant to § 558.016 RSMo 1978. We affirm.

During the early morning hours of January 5, 1983, three persons were present, including the bartender, at the tavern in the City of St. Louis. At about 1:30 a.m. appellant and a woman entered the tavern and were told it was closed. Nevertheless, the two approached the bar. Appellant produced a shotgun and said to the bartender, "Don't move." The woman proceeded to the cash register, opened it, took the money, and then fled with the appellant. Appellant was positively identified by the bartender and the two other witnesses in photo books at the police station and in a lineup.

Appellant raises one point on appeal. He contends that the trial court committed plain error in submitting Instruction No. 5 to the jury on accessory liability pursuant to MAI–CR 2d 2.12 (1983 Rev.). Appellant claims that the instruction was erroneous because it deviated substantially from the required standard of conduct in that it submitted "acted together" instead of "aids," "agrees to aid," or "attempts to aid," which are the terms used in § 562.041.1(2) RSMo 1978. He argues that the deviation resulted in a "roving commission" to the jury, causing the jury to speculate erroneously on the legal question of what conduct by appellant was criminal.

MAI–CR 2d 2.12 Notes on Use 6(b) (1983 Rev.) provides that the language of "acted together" is an appropriate modification of MAI–CR 2d 2.12 when the evidence shows that the defendant and another person jointly committed the conduct of the offense, as in the case at bar. The trial court was required to follow MAI–CR 2d. Since the pattern instruction was submitted, we are not authorized to declare it erroneous. *State v. Finch*, 611 S.W.2d 405, 406 (Mo. App.1981). We further note that no prejudice occurred as a result of the submission of Instruction No. 5.

Judgment affirmed.

REINHARD, C.J., and CRIST, J., concur.