**Roosevelt JOHNSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 52166.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 18, 1987.

Motion for Rehearing and/or Transfer Denied Sept. 23, 1987.

Application to Transfer Denied
Nov. 17, 1987.

Ilene A. Goodman, St. Louis, for appellant.

William L. Webster, Atty. Gen., Jatha B. Sadowski, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Defendant appeals from denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

A jury found movant guilty of robbery in the first degree in violation of RSMo § 569.020 (1978). Defendant was sentenced to seventeen years imprisonment. The conviction was affirmed on appeal. *State v. Johnson,* 676 S.W.2d 257 (Mo.App., E.D.1984).

Defendant filed this Rule 27.26 motion alleging he was denied effective assistance of counsel. To uphold a 27.26 motion, defendant must prove trial counsel's performance did not conform to the degree of care and skill of a reasonably competent lawyer rendering like services under similar circumstances and that the result prejudiced the movant. *Haynes v. State,* 661 S.W.2d 76, 68 (Mo.App., E.D.1983). We limit our review to a determination of whether the findings, conclusions and judgment of the trial court were clearly erroneous. Rule 27.26(j); *Futrell v. State,* 667 S.W.2d 404, 405 (Mo. banc 1984).

Defendant alleges that three grounds of ineffective assistance of counsel were not addressed by the court at the evidentiary hearing. These are: 1) failure to investigate and present defendant's alibi defense through A.V. Smith; 2) failure to obtain information that the state's witness, Joseph Jacobs, was on probation for rape and failure to impeach the witness with that information; and 3) failure to investigate the issue of whether or not appellant owned a dog. When the trial court's findings on all issues are sufficient to enable the reviewing court to review defendant's contention, the requirements of Rule 27.26(i) have been satisfied. *Mercer v. State,* 666 S.W.2d 942, 947 (Mo.App., S.D.1984).

We first address defendant's allegation that trial counsel failed to present his alibi defense through A.V. Smith. In order to establish ineffective assistance of counsel, defendant must prove the witness could have been located through reasonable investigation; the witness would have testified if called; and the testimony would have provided a viable defense. *Stidum v. State,* 736 S.W.2d 477 (Mo.App., E.D.1987); *Hogshooter v. State,* 681 S.W.2d 20, 21 (Mo.App., S.D.1984). A.V. Smith was not present and did not testify at the 27.26 hearing and her affidavit was not admitted

**500**

into evidence on hearsay grounds. Furthermore, A.V. Smith told trial counsel that she saw defendant leave the house the night of the robbery. This story corroborated with Witness Van Johnson's who testified at the evidentiary hearing. The selection of a witness is a question of trial strategy and the mere choice of trial strategy is not a foundation for finding ineffective assistance of counsel. *Franklin v. State*, 655 S.W.2d 561, 565 (Mo.App., E.D.1983). Defendant failed to sustain his burden that A.V. Smith would have provided a viable defense.

■ Next, defendant contends that trial counsel failed to obtain information on state's witness, Joseph Jacobs. At the 27.-26 hearing trial counsel testified that she never received any information that the state's witness was on probation. She also indicated that she had been provided complete discovery. Defendant's allegations are not self-proving; he has the burden of proving his grounds for relief by a preponderance of the evidence. *Pool v. State*, 670 S.W.2d 210, 211 (Mo.App., S.D.1984). Defendant failed to meet his burden.

■ Finally, defendant alleges that trial counsel should have investigated whether he owned a dog because the testimony indicated the robbery was committed by a man and a woman who had a dog. The evidence at trial did not indicate that defendant owned the dog only that there was a dog present at the robbery. The record before us does not indicate that this was a particularly relevant piece of evidence in comparison to the three eyewitnesses who testified at trial. *State v. Johnson*, 676 S.W.2d 257, 258 (Mo.App., E.D.1984). Again, defendant failed to meet his burden. Defendant's contentions are denied. The hearing court's findings and conclusions satisfied Rule 27.26(i).

The judgment is affirmed.

STEPHAN and SIMON, JJ., concur.