**STATE of Missouri, Respondent,**

v.

**Bernard E. BAILEY, Appellant.**

**No. 53090.**

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 23, 1988.

Donald Lee Catlett, Jefferson City, Melinda K. Pendergraph, Columbia, for appellant.

William L. Webster, Atty. Gen., Karen A. King, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals a jury conviction for possession of a weapon on the premises of a correctional institution, § 217.360.1(4), RSMo 1986. Defendant was sentenced as a prior offender to a fifteen-year sentence to run consecutively to all present sentences. We affirm.

On April 23, 1985, defendant was removed from his prison cell. As standard procedure, he was handcuffed and subjected to a pat-down search. During the search, a homemade knife was discovered in defendant's right rear pants pocket. Defendant was questioned by prison investigators about the incident the following day. He was informed of his rights, and read and executed a Waiver of Rights form. Defendant then told the investigators he had obtained the weapon while in the hospital in December of 1984.

Defendant asserts the trial court erred in finding he was a persistent offender. While the trial court did so find, in its sentence and judgment the court corrected that finding and only sentenced defendant as a prior offender. Thus, there was no prejudice to defendant by this prior finding.

*See State v. Williams,* 728 S.W.2d 690, 694[7] (Mo.App.1987).

■ Defendant also asserts the trial court erred in requiring him to wear leg restraints during the trial. Defendant had two prior felony convictions for offering violence to an officer to a correctional institution. Defendant additionally testified to two car thefts. He was housed in the maximum security facility at the Missouri State Penitentiary. "[T]he use of restraints for the purpose of maintaining order and security in the courtroom is a matter within the discretion of the trial court." *State v. Methfessel,* 718 S.W.2d 534, 537[4] (Mo.App.1986). In this case, there was no abuse of discretion because the need for security outweighed any potential prejudice resulting from the use of leg restraints. *State v. O'Neal,* 718 S.W.2d 498, 503 (Mo. banc 1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 1388, 94 L.Ed.2d 702 (1987); *State v. Zeitvogel,* 655 S.W.2d 678, 689 (Mo.App. 1983).

■ Finally, defendant contends the trial court erred in overruling his objection and permitting the State's investigator to give his opinion regarding the nature and use of the knife seized from defendant. Defendant argues the witness was not qualified as an expert and his opinion testimony invaded the province of the jury.

The following exchange took place:

MR. AHSENS (prosecuting attorney): Have you ever seen a weapon like that before?

MR. DEARIXON: Yes, sir.

MR. AHSENS: In the penitentiary. Is it fairly—you're nodding "yes." You need to speak out loud.

MR. DEARIXON: Yes, sir.

MR. AHSENS: Have you had any experience with weapons of that type being used?

MR. DEARIXON: Yes, sir, that's a sneak type weapon.

MR. AHSENS: And how is it,—how would a weapon of that type normally be used?

MR. KING (defense counsel): Objection, Your Honor, irrelevant.

THE COURT: Overruled. You may answer, if you know.

MR. AHSENS: Thank you.

MR. AHSENS: Go ahead.

MR. DEARIXON: That type of weapon would be used on an unsuspecting victim.

MR. AHSENS: It's small, you know—what, three to four inches in length. How would that be used to do any harm?

MR. DEARIXON: Throat, face, eyes, ear.

MR. AHSENS: How would it be held, if you have any idea?

MR. DEARIXON: Be held in his hand. The puncture depth wouldn't be deep but it would be dangerous.

MR. AHSENS: I have nothing further of this witness.

There was no objection whatsoever to the qualifications of this witness. The witness testified without objection that the knife was a "sneak type weapon." It was only after the prosecutor asked how the knife would normally be used that defense counsel objected on the ground of relevancy. This testimony was relevant to prove an element of the crime for which defendant was charged; namely, that the weapon "may be used in such a manner as to endanger the safety or security of the institution or as to endanger the life or limb of any inmate or employee thereof." § 217.-360.1(4), RSMo 1986. Therefore, defendant's objection was properly overruled.

■ Defendant's complaints regarding the witness' qualifications and the appropriateness of the subject for opinion testimony were not raised at trial, and, thus, are only reviewable for plain error. *See State v. Cannady,* 660 S.W.2d 33, 36 (Mo. App.1983).

■ Regarding the witness' qualifications, the witness testified that he was employed as an investigator at the Missouri State Penitentiary, and that he had experience with weapons of that type in the penitentiary. "[A] witness may be competent to testify as an expert though his knowledge touching the question at issue may have been gained by practical experience rather than by scientific study or re-

search." *State v. Rhone,* 555 S.W.2d 839, 841 (Mo. banc 1977), *quoting Herman v. American Car & Foundry Co.,* 245 S.W. 387, 389 (Mo.App.1922); *State v. Marks,* 721 S.W.2d 51, 56[8] (Mo.App.1986).

■ Regarding the appropriateness of the subject for expert testimony, the general rule is that "the admissibility of expert testimony in a given situation is left to the sound discretion of the trial court and will not be disturbed on appeal in the absence of a clear abuse of discretion." *Marks,* 721 S.W.2d at 55[3]. The test is whether "the subject is one with which lay jurors are not likely to be conversant...." *Id.* A homemade weapon's use in a prison environment is a subject which the jurors are not likely to be familiar with. Due to all of the above considerations, we do not find manifest injustice in the admission of the testimony.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.