Kenneth TERRY, Appellant,

v.

STATE of Missouri, Respondent.

No. 55213.

Missouri Court of Appeals,
Eastern District,
Division One.

May 16, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 13, 1989.

Holly G. Simons, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

Movant was convicted by a jury of second degree murder and sentenced to twen-

ty-five years' imprisonment. That conviction was affirmed in *State v. Terry*, 684 S.W.2d 874 (Mo.App.1984).

On appeal movant asserts his counsel was ineffective in making only minimal efforts to investigate the charges against him and relying on movant to furnish him with the names of potential witnesses.

"In order to prove counsel was ineffective for failing to investigate, movant must show 'what specific information the attorney failed to discover, that reasonable investigation would have disclosed that information, and that the information would have aided or improved defendant's position.'" *Lawson v. State*, 757 S.W.2d 646, 647 (Mo.App.1988) (quoting *Franklin v. State*, 655 S.W.2d 561, 565[11] (Mo.App. 1983)).

None of the potential witnesses alluded to by movant testified at his evidentiary hearing. Two of the potential witnesses mentioned by movant were Andrea Malone and Sandra Cole. Movant testified he learned their names from the police report and admitted he did not know what they would have testified to if called. A third witness, Ronald Glass, was endorsed by defense counsel but was not called to testify. Neither movant nor his counsel could recall who this witness was. Movant failed to prove how he was prejudiced by his attorney's failure to call these witnesses. "Conjecture or speculation is not sufficient to establish the required prejudice." *Hogshooter v. State*, 681 S.W.2d 20, 21–22[4] (Mo.App.1984).

Movant also complained about defense counsel's failure to call his brother, Phillip Terry, another witness endorsed by the defense. Both movant and his counsel agreed Terry was, at best, a character witness. Movant failed to prove Terry would have provided him with a viable defense, thereby supporting his claim of ineffective assistance of counsel for failure to call him. *Johnson v. State*, 738 S.W.2d 498, 500[3] (Mo.App.1987).

Finally, movant complained about defense attorney's failure to investigate Shanty Piffins, Kenneth Cole and "Charlie." Movant admits he did not learn of Kenneth Cole and "Charlie" until after his trial. He failed to prove the witnesses could have been located through a reasonable investigation. They were unavailable to testify at movant's evidentiary hearing and movant did not even know Charlie's last name. No evidence regarding Shanty Piffins was produced at the evidentiary hearing.

Movant was represented by private counsel retained by his mother. Defense counsel specialized in criminal law and had vast experience in the handling and trial of criminal cases. At the time of the evidentiary hearing, defense counsel no longer had movant's file, so he was forced to testify from memory. He testified that he did not have the addresses or phone numbers of the witnesses, but he contacted the people he had a way to contact who he thought would be favorable to movant. The credibility of the witnesses was for the motion court to determine. *Black v. State*, 723 S.W.2d 474, 475[2] (Mo.App.1986).

Movant failed to prove his lawyer's failure to produce these witnesses was anything other than trial strategy, and "[t]rial strategy is an inadequate basis for an attack on the competency of counsel." *Aikens v. State*, 549 S.W.2d 117, 121[10] (Mo. App.1977).

Judgment affirmed.

CRANDALL, P.J., and DOWD, J., concur.