**STATE of Missouri, Appellant,**

v.

**James A. WARD, a/k/a James Mance, Respondent.**

**No. 56390.**

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 19, 1989.

H. Morley Swingle, Pros. Atty., Cape Girardeau, for appellant.

Marshall Shain, Cape Girardeau, for respondent.

CRIST, Judge.

The State appeals the dismissal of its information. § 547.210, RSMo 1986. Defendant was charged with tampering with a witness. We reverse and remand.

Section 575.270 provides in part:

A person commits the crime of 'tampering with a witness' if, with purpose to induce a witness or a prospective witness in an official proceeding to disobey a subpoena or other legal process, or to absent himself or avoid subpoena or other legal process, ... he ... uses ... threats....

The State charged defendant in the words of MACH–CR 29.86 except for two instances complained of by defendant. The first was the required allegation of "an official proceeding." The State charged defendant with trying to induce a named prospective witness to avoid a subpoena "in an official proceeding of the felony prosecutions of several defendants for the sale of marijuana or cocaine." Second, defendant complains the information was deficient in failing to allege specific facts indicating what the threat was. The State alleged the defendant tampered with a prospective witness "by using threats, namely

by saying to Stephen Walker 'Never call me again. Narcs die.' "

We inquire if the information informed defendant of the charges against him so that he could meet them and prevent double jeopardy in the event of acquittal. *State v. Holland*, 653 S.W.2d 670, 674 [1] (Mo.banc 1983).

An information must set forth the elements of the offense or it is "fatally defective." *State v. Puckett*, 607 S.W.2d 774, 775 [1] (Mo.App.1980). Under § 575.270, RSMo 1986, "official proceeding" is an element of the offense. The term is included in this information. Therefore the information is not fatally defective.

Defendant correctly complains the information was deficient in not informing him of the specific official proceeding. However, these facts could have been obtained by a bill of particulars. Rule 23.04. The defendant should have requested a bill of particulars because the defect involved here did not require the information to be dismissed. *Puckett*, 607 S.W.2d at 775 [2].

Defendant also complains the information was deficient in failing to allege specific facts showing what threats were made to induce a prospective witness to avoid a subpoena. The prosecutor alleged the witness was induced to avoid a subpoena by a verbal threat from defendant to the witness not to call him again because narcs die.

This allegation does inform defendant of the specific conduct which constitutes a "threat." *State v. Kesterson*, 403 S.W.2d 606, 611 [7] (Mo.1966). The allegation may be sufficient for finding the life of the prospective witness was thereby threatened if he testified.

The judgment of the trial court is reversed and remanded. The State is given leave to amend its information.

CRANDALL, P.J., and REINHARD, J., concur.