**STATE of Missouri, Respondent,**

v.

**Kenneth J. NOVAK, Appellant.**

**Kenneth J. NOVAK, Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. 53332, 55333 and 55328.**

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 3, 1989.

Robert F. Hoffman, Hyatt Legal Services, St. Louis, for appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Consolidated appeal of conviction for assault in the first degree and from the denial of defendant's Rule 29.15 motion. We affirm.

In his direct appeal, defendant asserts error in his resentencing to twenty years' imprisonment as a prior and persistent offender. Viewed in the light most favorable to the verdict, the evidence adduced at trial was as follows: Victim and Mark Graf were driving home when a car, driven by defendant, passed them on the right and yelled obscenities at them. Victim and Graf pulled over to the side of the road and exited their car. Victim was on the side of the street walking toward defendant's car when defendant turned his car toward victim. Victim tried to jump out of the way, but defendant's car hit him and then backed up over him. Victim was taken to the hospital where he remained for twenty-one days. He was in intensive care for two weeks and underwent several operations.

During the assault trial, a hearing was held as to defendant being a prior and persistent offender. The assault court found beyond reasonable doubt defendant had pled to or been found guilty of two felonies and had beem imprisoned for more than 120 days. The court then found defendant to be a prior offender under § 558.016.2, a persistent offender under § 558.016.3, and a persistent offender under der § 558.019, RSMo 1986. If the jury found defendant guilty, as a persistent offender under § 558.019, he would have to serve sixty percent of whatever sentence was imposed.

The jury found defendant guilty of the assault charge. On May 22, 1987, the assault court sentenced defendant as a persistent offender under both §§ 558.016.3 and 558.019, RSMo 1986.

Defendant then filed his Rule 29.15 motion alleging ineffective assistance of counsel for not filing a motion for new trial, not contacting certain witnesses, and neither seeking to suppress nor objecting to certain evidence. On June 10, 1988, an evidentiary hearing was held on the motion. The Rule 29.15 court denied all of defendant's claims of ineffective assistance of counsel except for his claim of not filing a motion for a new trial. It set aside defendant's sentence and judgment and permitted him to file a motion for new trial.

The motion for new trial was filed and then overruled. On August 18, 1988, defendant was resentenced. In its August 18 sentence, the assault trial judge found defendant to be a prior and persistent offender under § 558.016. It did not find defendant to be a prior and persistent offender under § 558.019, the section requiring defendant to serve sixty percent of his sentence.

■ The offense occurred in September, 1986. Section 558.019 applies to crimes occurring after January 1, 1987. *State v. Lawhorn*, 762 S.W.2d 820, 824–26[5] (Mo. banc 1988). Defendant has not shown how he was prejudiced by the trial court's August, 1988 sentence under only § 558.016 and not the more severe, and inapplicable, § 558.019. *State v. Bailey*, 745 S.W.2d 832, 833[1] (Mo.App.1988). This point is denied.

Defendant complains about the denial of his Rule 29.15 motion. Defendant had effective assistance of counsel. He has failed to show (1) that his assault trial attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and (2) that he was thereby prejudiced. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo.banc 1987); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Credibility of the witnesses' testimony at the evidentiary hearing was for the Rule 29.15 motion court. *Terry v. State*, 770 S.W.2d 723, 724 (Mo.App.1989).

■ Defendant asserts, among his several allegations, he was prejudiced by his lawyer's failure to contact witnesses. Defendant gave his lawyer the name of a nursing supervisor at a nearby nursing home who knew the names of two night nurses who may have seen the incident. The lawyer talked to the supervisor but not the nurses. He decided they did not see the impact and would add nothing to the case. Neither the two nurses nor the supervisor testified at the evidentiary hearing. Defendant did not show what they would have said or how the result of his trial would have been different had they testified. Defendant failed to prove he was prejudiced by his lawyer's failure to contact witnesses and this point is denied. *Sanders*, 738 S.W.2d at 857.

Defendant baldly claims his lawyer was ineffective because he did not file a motion to suppress defendant's breathalyzer test results and failed to object to their introduction at trial. Following a review of the record, we find no abuse of discretion in the admission of the breathalyzer results. Defendant has not shown how he was prejudiced by this evidence; therefore this point is denied. *Id.*

■ Defendant also claims his lawyer was ineffective for not objecting to defendant's pre-Miranda statement to the police. This claim is utterly without merit because the statement related to the victim possessing a knife and that defendant was scared. The statement supported defendant's claim of self-defense or accident. Defendant has not shown the failure to object was anything but trial strategy which is not an adequate basis to attack counsel's competency. *Terry*, 770 S.W.2d at 724. There was no prejudice.

■ Finally, defendant claims ineffectiveness based on his lawyer's failure to cross-examine the State's witnesses about their criminal background. This issue was not included in defendant's 29.15 motion and will not be considered here for the first

time. *Johnson v. State*, 748 S.W.2d 417, 418[2] (Mo.App.1988).

The conviction and sentence are affirmed.

GARY M. GAERTNER, P.J., and SIMEONE, Senior Judge, concur.