Charles Maas, Laurence Gavin Schmidt, Hillsboro, for appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

**STATE of Missouri, Respondent,**

v.

**Steven M. BARNETT, Appellant.**

**Steven M. BARNÉTT, Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. 54659, 56783.**

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 23, 1990.

CRIST, Judge.

Consolidated appeal. Defendant pled guilty to robbery in the first degree and was sentenced to fifteen years' imprisonment. In his direct appeal, defendant asserts error in the acceptance of his guilty plea because of a defective information. He also claims he was entitled to an evidentiary hearing on his Rule 24.035 motion in that his lawyer was ineffective. We affirm the conviction and sentence and affirm the denial of his Rule 24.035 motion.

Defendant entered a prescription drug store in Cedar Hill, Missouri. He said hello to a store clerk who recognized defendant as a past customer. Defendant walked to

the back, pulled a stocking cap over his face, produced a gun and demanded drugs.

■ Defendant argues the information was fatally defective because it failed to state a culpable mental state for the use of or threatened use of immediate physical force. The relevant portion of the information states:

Defendant, in violation of Section 569.-020, RSMo, committed the class A Felony of Robbery in the First Degree in that on January 7, 1986 ... Defendant forcibly stole ... drugs ... in the charge of Pat Johnson, and in the course thereof Defendant was armed with a deadly weapon.

"An information must set forth the elements of the offense or it is 'fatally defective.'" *State v. Ward*, 776 S.W.2d 906, 907[1] (Mo.App.1989). Here, the information contained all of the elements of the offense under § 569.020.1(2), RSMo 1986. It complied with MACH–CR 23.02. It stated defendant forcibly stole while armed with a deadly weapon. The term "forcibly steals," as defined in § 569.010(1), RSMo 1986, includes the requisite mental state of acting purposefully. The information was sufficient and defendant pled guilty to it. *Lewis v. State*, 650 S.W.2d 335, 336[1] (Mo.App.1983).

■ In his Rule 24.035 motion appeal, defendant specifically claims his trial lawyer was ineffective because he did not consider the potential defense of involuntary intoxication. This particular variant of defendant's claims of ineffective assistance of counsel was not included in his motion or amended motion below. We will not consider it here. *State v. Novak*, 778 S.W.2d 7, 8–9[4] (Mo.App.1989). The denial of defendant's Rule 24.035 motion without a evidentiary hearing was not clearly erroneous. Rule 24.035(j).

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.