**Stephen L. MEVIUS, Movant–Appellant,**

v.

**STATE of Missouri, Defendant–Respondent.**

**No. 16611.**

Missouri Court of Appeals, Southern District, Division One.

May 30, 1990.

Rosalynn Koch, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

PARRISH, Judge.

Stephen L. Mevius (hereafter referred to as "movant") appeals from a judgment denying, after an evidentiary hearing, his postconviction motion directed to a conviction for possession of cocaine. § 195.020, RSMo 1986. Sentence was imposed and judgment entered in the underlying criminal case on September 28, 1987. Movant received a seven-year sentence. This proceeding was timely commenced May 27, 1988. Rule 24.035(*l*).

Movant, by this appeal, asserts that he was denied his right to effective assistance of counsel in the underlying criminal case (1) "in that counsel failed to adequately advise [movant] that he could have possible success in raising an issue of illegal search and seizure on appeal, when the facts adduced at the hearing demonstrated that the evidence was seized pursuant to an illegal

search and an illegal arrest, [movant] having been arrested in his motel room without a warrant or exigent circumstances existing," and (2) "in that counsel failed to adequately advise [movant] that he could have possible success in raising an issue of illegal search and seizure on appeal the facts adduced at the hearing established that [movant's] arrest lacked probable cause, having been based solely on uncorroborated information from an informant." Movant asserts that the trial court that heard and determined his motion for post-conviction relief erred in not so finding.

Appellate review of a Rule 24.035 post-conviction motion is limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous. Rule 24.035(j). The findings, conclusion and judgment of a court that heard and determined a post-conviction motion are clearly erroneous if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *State v. Fraction,* 782 S.W.2d 764, 769 (Mo.App.1989); *Moton v. State,* 772 S.W.2d 689, 691 (Mo.App. 1989).

■ In order for a movant in a post-conviction motion, who pleaded guilty in the underlying criminal case, to establish ineffective assistance of counsel, he must demonstrate that: (1) counsel's performance was unreasonable under prevailing professional norms, and (2) but for his counsel's deficient performance, movant would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart,* 474 U.S. 52, 58–59, 106 S.Ct. 366, 370–371, 88 L.Ed.2d 203 (1985); *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Sanders v. State,* 738 S.W.2d 856, 857–58 (Mo. banc 1987). Appellant bears the burden of proving his grounds for relief by a preponderance of the evidence. Rule 24.035(h). That burden, with respect to an allegation of ineffective assistance of counsel, has been characterized as being "heavy" to bear. *Driscoll v. State,* 767 S.W.2d 5, 7 (Mo. banc

1989); *Stevens v. State,* 560 S.W.2d 599, 600 (Mo.App.1978); *Pickens v. State,* 549 S.W.2d 910, 912 (Mo.App.1977); *Lahmann v. State,* 509 S.W.2d 791, 794 (Mo.App. 1974).

In the underlying criminal case, movant was arrested at a motel after the motel owner had entered movant's room (while movant was away from the premises) and discovered a bag containing a white substance. The motel owner entered the room to determine whether it was still being occupied by movant. The motel owner called the police. An officer was dispatched to the motel. Upon arriving at the motel, the officer accompanied the motel owner to the room movant had rented. The motel owner directed the officer to a drawer where the owner had observed the bag containing the white substance. The officer opened the drawer, took a sample of the substance, closed the bag and the drawer and left the premises.

Later, other officers who were watching the motel saw movant and a female companion go to the motel room where the bag with the white substance was found. The officers approached the room with drawn guns. Movant came outside the room and was arrested. Movant was searched and ten small cellophane bags containing white powder, later determined to be cocaine, were found in the pockets to his clothing. Movant's female companion was arrested in the doorway to the motel. She then closed the door and retreated inside the room. The arresting officers followed her inside and took her into custody. The paper bag and the white substance it contained were seized as evidence.

A motion to suppress evidence was filed in the underlying criminal case on movant's behalf. That motion was directed to the items seized at the motel—the small cellophane bags of white powder taken from the pockets of movant's clothing and the paper bag containing a white substance which was found in the motel room. The motion to suppress was overruled followed an evidentiary hearing.

On the day movant's criminal case was set for trial, movant pleaded guilty pursuant to a negotiated plea agreement.[1] The court accepted the negotiated plea agreement, with a modification to which movant agreed, n. 1 *supra*, and imposed the recommended punishment. Postconviction review of a sentence based upon a plea of guilty is limited to an inquiry of whether the guilty plea was voluntary and entered with an understanding of the nature of the charge. *Rice v. State*, 585 S.W.2d 488, 493 (Mo. banc 1979); *Gawne v. State*, 729 S.W.2d 497, 499 (Mo.App.1987). Effectiveness of counsel is relevant only if the voluntariness of the plea was affected. *Id.* Unless counsel in the criminal case was so incompetent that the guilty plea was not entered voluntarily and with an understanding of the nature of the charge, adequacy of counsel is immaterial. *Rice v. State, supra.*

At movant's evidentiary hearing on his Rule 24.035 motion, the trial court heard the testimony of movant and the testimony of the attorney who represented movant in the criminal case. The trial court also had the transcript of the guilty plea hearing and the transcript of the evidentiary hearing on the motion to suppress in movant's criminal case. The transcript of the guilty plea proceeding includes the following colloquy regarding the motion to suppress and its affect on movant's decision to plead guilty:

> MR. BAKER [Movant's attorney in the criminal case]: Yes, Your Honor. I wish the Court to, to know, uh, that first of all with regard to medications mentioned earlier, I've known Mr. Mevius now for some time while representing him. I can see no difference in his behavior because of medication. Secondly, *I did advise my client regarding the possibility of taking his case to jury trial and then appealing Your Honor's ruling on the motion to suppress.* My professional opinion is that your ruling would probably have stood up on appeal, and I'm sure my client weighed that in making his decisions.
>
> Q: Mr. Baker did explain—
>
> A: Yes.
>
> Q: —all of that, that there's a possibility that—
>
> A: *He explained, he explained every option, whatever.*

(Emphasis added).

Movant further testified at the guilty plea proceeding that he told his attorney all about his case, that he was satisfied with the representation he had received, and that his attorney was not forcing him to plead guilty. Movant was advised that if he did not wish to plead guilty, the court could call the jury and proceed with the trial. At the conclusion of the court's inquiry of movant, the judge who received the guilty plea asked, "Are you asking me to accept your guilty plea?" Movant answered, "Yes."

The statement of movant's first complaint regarding the effectiveness of his counsel in the criminal case varies, on appeal, somewhat from the point stated in movant's amended motion before the trial court. The complaint stated in the amended motion was:

> Counsel for Movant advised Movant prior to Movant's guilty plea that the trial Judge's ruling at the suppression hearing (overruling the Motion to Suppress) would probably be upheld on appeal when in fact the Motion to Suppress should have been sustained and the trial

1. The court that was assigned to try the criminal case declined to accept one of the terms of the original negotiated plea agreement. The original terms that were proposed provided that movant would plead guilty in return for the state recommending that he receive a seven year sentence and that execution of that sentence be suspended for seven days. The trial court, in the criminal case, advised movant that it would not accept the negotiated plea agreement if that agreement included a provision that the sentence be deferred for seven days. After consulting with his attorney, movant elected to proceed with the plea of guilty with the understanding that the part of the original negotiated plea agreement that provided for the execution of the sentence to be stayed for seven days would not be followed.

Judge's ruling probably would have been reversed on appeal. Therefore, Movant was insufficiently informed of the facts and circumstances upon which to make the determination to waive his rights and enter a plea of guilty.

On appeal, movant states this complaint regarding the effectiveness of his counsel in the criminal case:

> ... That counsel failed to adequately advise [movant] that he could have possible success in raising an issue of illegal search and seizure on appeal, when the facts adduced at the hearing demonstrated that the evidence was seized pursuant to an illegal search and an illegal arrest, [movant] having been arrested in his motel room without a warrant or exigent circumstances existing.

The trial court that heard and determined the post-conviction motion found:

> Movant's next allegation is that counsel failed to appeal the trial court's denial of the motion to suppress and that counsel incorrectly advised Movant that the trial court would likely be upheld on appeal. The Movant fails to sustain the burden of proof that he was incorrectly advised by counsel on the law applicable on the motion to suppress or that the trial court erred and, in fact, the Court finds that counsel thoroughly and adequately presented evidence on behalf of Movant and fully advised the trial court of Movant's legal position prior to the decision to overrule the motion to suppress. It cannot be said that the trial court erred in overruling the motion to suppress as a matter of law and the record is supported by the evidence. Further the Court finds that Movant was adequately and correctly advised on the likely outcome of a trial and that the Movant knowingly and intelligently pled guilty to a term of seven years in the department of corrections being fully and properly advised of the risks in going to trial and obtaining a longer sentence which may very well have been supported upon appeal. The Court finds against the Movant on this point.

In this review, this court considers movant's first complaint regarding the effectiveness of his counsel in the criminal case in the context that the point was presented to the trial court hearing the post-conviction motion. A point raised on appeal can be considered only to the extent that it was raised in the post-conviction motion before the trial court. It cannot be raised for the first time on appeal. *State v. Novak,* 778 S.W.2d 7, 8–9 (Mo.App.1989). This court further gives due regard to the determination of the trial court that heard and determined the motion now on appeal regarding issues of credibility of witnesses who appeared before that court. *Gawne v. State, supra,* at 500.

Movant failed to demonstrate that the advice he received from the attorney who represented him in the criminal case regarding the motion to suppress rendered his plea involuntary or that he entered his plea of guilty without an understanding of the nature of the charge against him. He did not demonstrate that his counsel's advice was deficient nor, even assuming that it was, that but for such advice, he would not have pleaded guilty and would have insisted upon going to trial. Movant's first point on appeal is without merit. The ruling of a trial court on a motion to suppress will be affirmed on appeal if the evidence is sufficient to sustain its findings. A reviewing court is free to disregard contrary evidence and inferences. *State v. Blair,* 691 S.W.2d 259, 260 (Mo. banc 1985). As to movant's arrest and the validity of the seizure of the items then on his person, probable cause to arrest exists when the arresting officers have knowledge of facts and circumstances, based upon reasonably trustworthy information, sufficient to warrant a belief by a person of reasonable caution that the person to be arrested has committed the crime for which he is arrested. *State v. Sidebottom,* 753 S.W.2d 915, 923 (Mo. banc 1988). This is consistent with the advice movant received from his attorney in the criminal case. The findings of the trial court as to movant's first point on appeal are not clearly erroneous.

The state asserts that movant's second point on appeal was not raised in the motion before the trial court and, therefore, cannot now, for the first time, be presented. *State v. Novak, supra.* Movant's second point complains that his attorney in the criminal case "failed to adequately advise [movant] that he could have possible success in raising an issue of illegal search and seizure on appeal the facts adduced at the hearing established that [movant's] arrest lacked probable cause, having been based solely on uncorroborated information from an informant."

The state's characterization that movant's second point presents anything that states "briefly and concisely what actions or rulings of the court are sought to be reviewed" is charitable. Rule 84.04(d). Movant raises nothing by his second point that is not included in the first point relied on. The motion to suppress, which is the basis for movant's complaint regarding the competency of his counsel in the criminal case, was directed to the items taken from the motel room and the items taken from movant at the time of his arrest. The only "probable cause" issue presented in the amended motion before the trial court relates to that motion to suppress. Nothing additional is presented for review by movant's second point on appeal.

The trial court entered judgment overruling movant's Rule 24.035 motion. This court affirms the judgment of the trial court.

CROW, P.J., and PREWITT, J., concur.