STATE of Missouri, Respondent,

v.

David Allen TODD, Appellant.

No. WD 42483.

Missouri Court of Appeals, Western District.

Jan. 15, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 5, 1991.

Application to Transfer Denied April 9, 1991.

Andrew C. Webb, Sedalia, for appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

Before GAITAN, P.J., and TURNAGE and KENNEDY, JJ.

PER CURIAM.

This is an appeal from a conviction of tampering with a witness, Mo.Rev.Stat. § 575.270.1 (1986), and from a sentence of two years imprisonment. Appellant contends that there was insufficient evidence to sustain the conviction.

The judgment is reversed.

On February 10, 1989, Larry Tyler was visiting Sheila Oldenburg in her apartment in Sedalia, Missouri. At approximately 8:00 p.m., Paul Waller came to the apartment to ask Oldenburg to babysit for him. He was accompanied by appellant, who remained silent while Waller and Oldenburg conversed. Oldenburg told Waller that she was busy and could not help him.

Then, Tyler asked Waller about some money which Waller apparently owed him for a set of tires. Waller replied "I've got your money out here," and stepped out into the hallway, accompanied by appellant. Tyler followed Waller and appellant as far as the door of the apartment and, after appellant and Waller stepped out into the hallway, Tyler shut the door behind them.

After Tyler had returned to his seat in the living room, the door to the hallway flew open, and Waller and appellant re-entered the apartment. Waller walked up to Tyler and began beating him with a club. Appellant stood in the kitchen as the assault took place, and, despite Oldenburg's entreaties, did nothing to stop it. Instead, he told Oldenburg that "as long as there's no cops involved, there'll be nothing with you."

Shortly thereafter, Waller and appellant left the apartment. When the police arrived, Oldenburg was initially reluctant to talk. She then made an oral statement at the scene, followed by a written statement at the police station. Appellant was subsequently convicted of tampering with a witness and he was sentenced to two years imprisonment.

On appeal, appellant claims that Oldenburg's trial testimony was so contradictory that it had no probative value. He also claims that the State presented no evidence that he intended to induce Oldenburg to withhold evidence from the police. Therefore, he argues, there was insufficient evidence to sustain his conviction.

■ However, there is another reason for our conclusion that the conviction in question cannot stand. It is elemental that the State has the burden of proving each and every element of a criminal offense, and that the State's failure to meet that burden mandates the reversal of any conviction obtained under those circumstances. *State v. Fosdick*, 776 S.W.2d 54, 55 (Mo. App.1989). Such is the case here.

■ Appellant was charged with tampering with a witness, which is defined in Mo.Rev.Stat. § 575.270.1 (1986) as follows:

1. A person commits the crime of "tampering with a witness" if, with purpose to induce a witness or a prospective witness in an official proceeding to disobey a subpoena or other legal process, or to absent himself or avoid subpoena or other legal process, or to withhold evidence, information or documents, or to testify falsely, he:

(1) Threatens or causes harm to any person or property; or

(2) Uses force, threats or deception; or

(3) Offers, conveys, or agrees to convey any benefit, direct or indirect, upon such witness; or

(4) Conveys any of the foregoing to another in furtherance of a conspiracy.

At trial, the jury was given MAI–CR 3d 329.86, the verdict-directing instruction which enumerates the elements of the crime of tampering with a witness. The third and fourth enumerated paragraphs of this instruction require that the defendant tamper with an actual or prospective witness in a judicial or other official proceeding, and that the defendant do so with the purpose of influencing the witness to withhold evidence or information *in that proceeding.*

■ In other words, the witness tampering verdict director based on § 575.270.1 makes the existence of a pending official proceeding a material element of the offense. The Eastern District Court of Appeals has recently stated that "[u]nder § 575.270, RSMo 1986, 'official proceeding' is an element of the offense." *State v. Ward,* 776 S.W.2d 906, 907 (Mo.App.1989) (in upholding the validity of an information for witness tampering); *see also Pettibone v. United States,* 148 U.S. 197, 205–07, 13 S.Ct. 542, 546, 37 L.Ed. 419 (1893); *United States v. Vesich,* 724 F.2d 451, 454 (5th Cir.1984) (in interpreting the federal witness tampering statute, 18 U.S.C. § 1503, the court stated "[a] prerequisite to any violation of section 1503 is the existence of a pending judicial proceeding known to the violator").

The statutory definition of "official proceeding" validates that a *pending* official proceeding is required for a conviction. Mo.Rev.Stat. § 575.010 (1986) defines "official proceeding" as "any cause, matter, or proceeding where the laws of this state require that evidence considered therein be under oath or affirmation." Missouri courts have stated that:

"The words 'cause, matter, or proceeding,' as used in the said statute, meant some cause, matter, or proceeding pending at the time the offer to corrupt is made, and not to something that may be begun or instituted thereafter, which may never be done."

*State v. Farris,* 229 S.W. 1100, 1102 (Mo. App.1921) (interpreting statute proscribing bribery of public officials). The definition stated in *Farris* is appropriate to § 575.010 and § 575.270.1 thus affirming the materiality of a pending official proceeding.

■ In the case at bar, there was testimony that appellant threatened Oldenburg in an attempt to keep her from talking to the police officers who would be investigating the assault committed by Paul Waller upon Larry Tyler. However, the act of making a statement to police investigators does not constitute an "official proceeding," as that term is defined in § 575.010 and *Farris.* Consequently, the State offered no proof that appellant tried to influence a witness or prospective witness to withhold evidence in a pending official proceeding, as required by the fourth enumerated paragraph in MAI–CR 329.86.

Thus, appellant's conduct did not satisfy the statutory elements of the crime of tampering with a witness, as those elements are defined by MAI–CR 329.86. Instead, appellant would have been more appropriately prosecuted under Mo.Rev.Stat. § 575.270.2 (1986) for the crime of victim tampering. Section 575.270.2 defines the offense of victim tampering as follows:

A person commits the crime of "victim tampering" if, with purpose to do so, he prevents or dissuades or attempts to prevent or dissuade any person who has been a victim of any crime or a person

who is acting on behalf of any such victim from:

(a) Making any report of such victimization to any peace officer, or state, local or federal law enforcement officer or prosecuting agency or to any judge;

(b) Causing a complaint, indictment or information to be sought and prosecuted or assisting in the prosecution thereof;

(c) Arresting or causing or seeking the arrest of any person in connection with such victimization.

■ While this particular issue was not mentioned on appeal, that fact has no bearing on our duty to review for plain error matters affecting substantial rights that result in a miscarriage of justice or manifest injustice. *State v. Fosdick*, 776 S.W.2d at 56. If the evidence presented in a criminal case is not sufficient to sustain the conviction, plain error affecting a defendant's substantial rights is involved resulting in manifest injustice. *Id.*

Accordingly, the judgment of the trial court is reversed and the defendant is discharged.