**STATE of Missouri, Respondent,**

v.

**Dennis N. BULLOCH, Appellant.**

**Nos. WD 43968, WD 43970.**

Missouri Court of Appeals,
Western District.

Jan. 28, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 3, 1992.

Application to Transfer Denied
April 21, 1992.

Arthur S. Margulis, St. Louis, for appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, P.J., and FENNER and BRECKENRIDGE, JJ.

KENNEDY, Presiding Judge.

Defendant was convicted upon a jury trial of tampering with physical evidence, § 575.100, RSMo 1986, and of arson, § 569.050, RSMo 1986.[1] He was sentenced to five years' imprisonment for tampering with physical evidence and to seven years' imprisonment for arson, to be served consecutively. He has appealed both convictions, and the appeals have been consolidated here.

The jury could have believed from the evidence that the defendant, in connection with some perverted but consensual sex acts, killed his wife by asphyxiation. The asphyxiation resulted from tape which covered, or partially covered, the victim's face. When defendant discovered she was dead, he immediately afterwards burned the tape, the tape spools, some sexual paraphernalia, the wife's diary and the wife's body. The burning occurred in the attached garage of the house occupied by defendant and his wife, and the garage and two cars in the garage were substantially damaged.

Defendant was charged with homicide and arson. The arson charge was severed from the homicide charge, and the homicide charge was tried first. Defendant was convicted of involuntary manslaughter and was sentenced to seven years' imprisonment.

The prosecuting attorney, after the involuntary manslaughter conviction, filed the charge of tampering with physical evidence. It was consolidated for trial with the already pending arson charge.

---

1. Other chapters in the case may be found in *State ex rel. Bulloch v. Seier,* 771 S.W.2d 71 (Mo. banc 1989); *State v. Bulloch,* 785 S.W.2d 753 (Mo.App.1990); and *In the Matter of Westfall,* 808 S.W.2d 829 (Mo.1991).

## TAMPERING WITH PHYSICAL EVIDENCE

██ Defendant's first point is that the evidence is insufficient to support the conviction of tampering with physical evidence in that there was no "official proceeding" pending at the time he destroyed the evidence. One commits the crime of tampering with physical evidence if he "alters [or] destroys ... any ... thing with purpose to impair its ... availability in any official proceeding...." § 575.100.1(1), RSMo 1986. Of course, there was no official proceeding pending at the time defendant undertook to destroy the evidence by burning.

The statute adds after the term "official proceeding" the words "or investigation," but the charge against defendant was not that he intended to impair the availability of the evidence in an investigation, but in an official proceeding, namely, "the prosecution of Dennis N. Bulloch for the crime of homicide, a felony."

The case is ruled by *State v. Todd*, 805 S.W.2d 204 (Mo.App.1991). This court held in *Todd* that an "official proceeding", as used in section 575.270.1 RSMo 1986, which punishes witness tampering, meant a pending official proceeding. Proof that defendant sought to induce a witness to withhold evidence from the police in the investigation of an assault, when there was no prosecution pending at the time, was held not to be sufficient to support defendant's conviction for witness tampering. There is nothing in the context of § 575.100.1(1) which leads us to believe "official proceeding" as used in that statute has any different meaning than in § 575.270.1, RSMo.

The attorney general argues *Todd* was wrongly decided and we ought not to follow it. In support of his argument, he points out that § 575.100 is based upon § 241.7 of the Model Penal Code, and he quotes the official comment to that section which explains that the section applies to prospective official proceedings which may not have been commenced. Missouri, however, in adopting this section made a significant departure from the Model Penal Code language. The Model Penal Code would punish one's tampering with physical evidence by one who "believe[s] that an official proceeding or investigation is pending or about to be instituted." Missouri's pointed change from the Model Penal Code language and format indicates a legislative purpose not to include in the term "official proceeding" proceedings which are only prospective. The differences in the two sections support the *Todd* decision.

Defendant's conviction of tampering with evidence is reversed and defendant is ordered discharged therefrom.

## ARSON

Defendant's only attack upon his arson conviction is that it constituted double jeopardy under the Fifth Amendment.

The state, in the earlier homicide prosecution, introduced evidence of the arson to show defendant's consciousness of guilt. Now defendant says the state is barred from prosecuting him for the arson under *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990).

██ Defendant quite correctly says that a prosecution may be barred by double jeopardy even though it does not offend against the *Blockburger* test. *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." *Id.*

██ In *Grady*, the double jeopardy test was broadened. "[T]he Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted." *Grady*, 110 S.Ct. at 2093. The arson in the case before us was not an essential element of the homicide (as it might have been, for example, if the homicide had been proved to have been committed by means of the

arson[2]). Proof of the arson in the homicide prosecution to show defendant's guilty knowledge does not bar defendant's later prosecution for arson. "The critical inquiry is what conduct the State will prove, not the evidence the State will use to prove that conduct. As we have held, the presentation of specific evidence in one trial does not forever prevent the government from introducing that same evidence in a subsequent proceeding." *Id.*

Defendant's prosecution for arson was not barred by the Double Jeopardy Clause.

Defendant's conviction for arson is affirmed.

All concur.

---

**2.** In *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), defendant's prosecution for homicide and assault was held barred by defendant's earlier prosecution for driving while intoxicated and failing to keep to the right of the median. The state admitted that it expected to prove the homicide and assault resulted from the traffic offenses.