Terry WIMBERLY, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 18341.

Missouri Court of Appeals,
Southern District,
Division One.

May 20, 1993.

Motion for Rehearing or Transfer to Supreme Court Denied June 10, 1993.

Application to Transfer Denied
Aug. 17, 1993.

Gary E. Brotherton, Office of the State Public Defender, Columbia, for movant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John M. Saleeby, Asst. Atty. Gen., Jefferson City, for respondent.

PARRISH, Chief Judge.

This is an appeal from an order entered by the Circuit Court of Pemiscot County, Missouri, dismissing a motion for post-conviction relief filed by Terry Wimberly (movant) under Rule 24.035. This court affirms.

Movant pleaded guilty to burglary in the first degree, a class B felony, § 569.160,[1] and to robbery in the first degree, a class A felony, § 569.020. He was charged as a prior offender and a persistent offender. §§ 558.016.2 and .3, RSMo Supp.1990. He was sentenced to concurrent sentences of imprisonment for fifteen years and thirty years, respectively.[2] Movant filed a pro se Rule 24.035 motion. Counsel was appointed and an amended motion filed. Following an evidentiary hearing before the motion court, written findings of fact and conclusions of law were filed and the motion was denied.

In movant's first point on appeal, he contends that he received ineffective assistance of counsel because his trial counsel "did not meet with him sufficiently to prepare a defense," and that this "rendered his guilty plea[s] involuntary, unknowing and unintelligent."

The motion court found:

The court finds that the attorney met with movant sufficiently to properly defend him, and that there was no failure on her part to investigate the case. Movant was faced with the prospect of jury trials where the judge would set the sentences, to be confronted with an eyewitness identification by the victim, the incriminating testimony of his accomplices, and his own oral admissions. Rather than chance trials on more counts, with the possibility of longer terms and consecutive sentences, movant chose to enter into a plea agreement. He had previous felony conviction experi-

1. References to statutes are to RSMo 1986, unless otherwise stated.

2. Movant pleaded guilty to two other offenses that were charged in separate cases. The pleas of guilty to the two other offenses were entered on the same date as movant's pleas of guilty in the underlying criminal case. He does not challenge the other convictions.

ence, and he made his choice to plead guilty voluntarily and intelligently. The pleas were not the result of any deficiency in the performance of his attorney. Even though movant would like to have his thirty-year sentence reduced, there is no legal justification or authority for a reduction of the sentence in this proceeding.

"Any claim of ineffective assistance of counsel is immaterial except to the extent it impinged upon the voluntariness and knowledge with which the plea of guilty was made." *Jenkins v. State,* 788 S.W.2d 536, 537 (Mo.App.1990). The motion court's findings of fact with respect to the issue presented by Point I are not clearly erroneous. No error of law appears. Point I is denied.

Movant's Point II asserts that he was denied counsel during the part of his guilty plea hearing when the trial court advised him, as is required by Rule 29.07(b)(4),[3] of his rights to file a post-conviction motion and examined him with respect to the assistance of counsel he received.

The grounds presented by Point II were not included in movant's pro se Rule 24.035 motion or his amended motion. "A point raised on appeal [from an order denying a Rule 24.035 motion] can be considered only to the extent that it was raised in the post-conviction motion before the trial court. It cannot be raised for the first time on appeal." *Mevius v. State,* 789 S.W.2d 888, 892 (Mo.App.1990). Point II is denied.

Further opinion would have no precedential value. The order denying movant's motion is affirmed in compliance with Rule 84.16(b).

CROW, P.J., and SHRUM, J., concur

---

**3.** The part of Rule 29.07(b)(4) that is applicable to movant's complaint states:

    If a defendant has a right to proceed under Rule 24.035 or Rule 29.15, the court at the conclusion of final sentencing shall advise the defendant of such right and shall examine the defendant as to the assistance of counsel received by the defendant. The examination shall be on the record and may be conducted outside the presence of the defendant's counsel. At the conclusion of the examination the court shall determine whether probable cause exists to believe the defendant has received ineffective assistance of counsel.