STATE of Missouri, Plaintiff–
Respondent,

v.

Marcia Irene ARD, Defendant–Appellant.

No. 18682.

Missouri Court of Appeals,
Southern District,
Division Two.

April 6, 1994.

Motion for Rehearing and/or Transfer
to Supreme Court Denied April 28, 1994.

Application to Transfer Denied
June 21, 1994.

Leo N. Griffard, Adam J. Sipple, Sindel & Sindel, Clayton, for defendant-appellant.

Sidney T. Pearson III, Asst. Pros. Atty., Crawford County, Steelville, for plaintiff-respondent.

PREWITT, Judge.

Following nonjury trial defendant was convicted of tampering with a witness in violation of § 575.270.1, RSMo 1986. She was sentenced to 90 days in the county jail. On appeal defendant presents two points relied on. Her first point states:

"The trial court erred when it overruled appellant's motions for directed verdict at the close of the state's case and at the close of all the evidence because the information was defective in that it failed to sufficiently allege facts constituting the crime charged, adequately inform appel-lant of the charges upon which she was tried, or support jurisdiction in the trial court. Appellant has been deprived of her rights to a fair trial and to due process of law in violation of the Fourteenth amendment to the United States Constitution and Article One, Section Ten of the Missouri Constitution."

Appellant's initial brief was filed on December 16, 1993, respondent's on February 16, 1994, and appellant's reply brief on February 24, 1994. Under defendant's first point both parties cite and discuss *State v. Gilmore*, 650 S.W.2d 627 (Mo. banc 1983). Neither side notes that *Gilmore* was overruled on December 18, 1992 by *State v. Parkhurst*, 845 S.W.2d 31 (Mo. banc 1992).

*Gilmore* and the other cases cited by the parties predate *Parkhurst* and are of no aid under this point. In holding an information valid *Parkhurst* stated, 845 S.W.2d at 35:

"When the issue is raised for the first time after verdict, the indictment or information will be deemed insufficient only if it is so defective that (1) it does not by any reasonable construction charge the offense of which the defendant was convicted or (2) the substantial rights of the defendant to prepare a defense and plead former jeopardy in the event of acquittal are prejudiced. In either event, a defendant will not be entitled to relief based on a post-verdict claim that the information or indictment is insufficient unless the defendant demonstrates actual prejudice."

The record does not indicate that the information was questioned before trial nor has defendant demonstrated actual prejudice. Under these circumstances there is no merit to defendant's first point and it is denied.

Defendant's remaining point states that the state failed to present sufficient evidence that defendant acted with the purpose to influence a witness to withhold evidence or information in an "official proceeding". Defendant asserts there was no evidence of any "official proceeding" or defendant's knowledge of such proceeding or that defendant knew that the witness would be a participant in such a proceeding.

In reviewing to determine if the evidence was sufficient to support the conviction, this court views the evidence and proper inferences therefrom in the light most favorable to the state. *State v. Clark*, 858 S.W.2d 246, 247 (Mo.App.1993); *State v. Miller*, 772 S.W.2d 782, 783 (Mo.App.1989).

Defendant relies on *State v. Todd*, 805 S.W.2d 204 (Mo.App.1991), and *State v. Ward*, 776 S.W.2d 906 (Mo.App.1989). *Ward* did not involve sufficiency of the evidence. It was a proceeding where the state appealed the dismissal of its information. In reversing, the court stated that "an official proceeding" is an element of the offense of tampering with a witness.

*Todd* noted that "official proceeding" is defined in § 575.010(6) as "any cause, matter, or proceeding where the laws of this state require that evidence considered therein be under oath or affirmation". The court further stated in *Todd* that the proceeding must be one pending at the time of the defendant's act and not a proceeding begun thereafter. 805 S.W.2d at 206.

In *Todd*, it was apparent that no proceedings had begun at the time the defendant allegedly threatened a potential witness. Here, there are references to a pending "official proceeding" of which defendant had knowledge. A charge was brought against defendant's husband for sexually abusing his granddaughter. The threat was made to defendant's and her husband's daughter, the mother of the child. The threat indicates that defendant knew her daughter was a prospective witness. There was testimony that "charges" had been brought against defendant's husband and that he was arrested pursuant to an "arrest warrant" prior to the threat.

Defendant testified that her husband was arrested on the night of March 2, 1992. She talked with a "bondsman" about getting him released that evening. The next day at the sheriff's office defendant was advised that the arrest was for "an offense arising out of a sexual assault that occurred in 1991". She then called her daughter by telephone from the sheriff's office and made the threat for which she was charged. It is a fair inference from this evidence that an official proceeding in the form of a criminal charge was pending against defendant's husband and defendant knew of it, and knew her daughter might testify. The evidence was sufficient to support the conviction.

The judgment is affirmed.

FLANIGAN, P.J., and GARRISON, J., concur.